Case 11-02024   Doc 6   Page 1 of 14

FILED
February 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003265464

Holly S. Burgess (State Bar No. 104575)
LAW OFFICES OF HOLLY S. BURGESS
680 Auburn-Folsom Road, Suite 109
Auburn, CA  95603
(530) 889-8900-Telephone
(530) 392-4641-Direct Dial
(530) 889-8988-Facsimile
hollyburgess@lohsb.com

Attorneys for Plaintiff/Debtor
JAMES L. MACKLIN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>   JAMES L. MACKLIN,<br><br>                Debtor, | Case No.  2010-44610<br><br>ADV. NO. 11-02024-E |
| JAMES L. MACKLIN,<br><br>                Plaintiff,<br><br>   -vs.-<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br>AS INDENTURE TRUSTEE FOR THE<br>ACCREDITED MORTGAGE LOAN TRUST<br>2006-2 ASSET-BACKED NOTES; and all<br>persons claiming by, through, or under such<br>person, all persons unknown, claiming any legal<br>or equitable right, title, estate, lien, or interest in<br>the property described in the complaint adverse<br>to Debtor's title thereto; and<br>CORRESPONDENT DOES 1-10, Inclusive,<br><br>                Defendant(s). | DCN No. HSB-02<br><br>*EX PARTE* APPLICATION FOR<br>TEMPORARY RESTRAINING ORDER<br>AND ORDER TO SHOW CAUSE RE<br>PRELIMINARY INJUNCTION;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES; AND DECLARATION<br>OF JAMES L. MACKLIN IN SUPPORT<br>THEREOF |

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65(b) and Local Rule L.R. 65-1, Plaintiff, James L. Macklin ("Macklin") hereby applies ex parte to this Court for:

1.  A temporary restraining order ("TRO") restraining and enjoining Defendant(s) Deutsche Bank National Trust Co, as Indenture Trustee for the Accredited Mortgage Loan Trust

2006-2 Asset-Backed Notes ("Deutsche") and all of their Officers, agents, servants, employees, Affiliates, and attorneys, and those persons in active concert or participation or privities with any of them, from taking possession of Plaintiff's property known as: 10040 Wise Rd., Auburn, California, 95603 (hereinafter "Plaintiff's home").

2. Plaintiff will apply for an Order to Show Cause ("OSC") as to why a preliminary injunction should not be granted enjoining Defendant "Deutsche", their agents, employees, representatives, attorneys, and all other persons acting in concert or in participation with them from taking possession of Plaintiff's home located at: 10040 Wise Rd., Auburn, CA, 95603.

3. Concurrently, Plaintiff hereby applies for a hearing date to obtain a preliminary injunction.

This Application is based upon the grounds that pecuniary compensation would not afford adequate relief for the loss of possession of Plaintiff's home. Defendant(s), who was a stranger to this mortgage transaction, are seeking to take possession based on a fraudulent conveyance via a Trustees' Deed Upon Sale recorded with the Placer County Recorders' Office. Deutsche has acquired Plaintiff's home at an alleged trustees' sale without making payment for such purchase. Furthermore, the debt obligation was current to the Creditor REMIC Trust "AMLT 2006-2", pursuant to the certificate holders' statements acquired by Mr. Macklin. The trustees' sale was also conducted as a result of defective and false records filed previously by Defendant Deutsche in an attempt to rely upon records which appear, ***prima facie***, to be correct in form, but lack the substantive authority as evidenced by the parties signing the documents not having any authority to do so. The rebuttable presumption of "duly perfected title" is hereby rebutted by Plaintiff. Plaintiff Noticed Defendant(s) Deutsche through documents filed for record with the Placer County Superior Court, yet Defendant, through the assistance of counsel Robert J. Jackson & Associates, recorded the wrongful trustees' sale on December 14th, 2009. Great and irreparable injury will result to Plaintiff before the matter can be heard on Notice.

/ / /

Plaintiff has not previously obtained an order from any judicial officer for similar relief in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

1. Plaintiff Mr. Macklin brings this application for Temporary Restraining Order ("TRO") against Deutsche (hereinafter "Defendants") and their agents, officers, employees, and affiliated or associated parties, for their, and their predecessors, actions in engaging in a pattern of unlawful, fraudulent, or unfair, predatory real estate practices causing Plaintiff to become a victim of such behavior, and to be in jeopardy of losing his home through foreclosure.

2. Plaintiff seeks to enjoin Defendant from proceeding with taking possession and evicting him and his son from their home located at: 10040 Wise Rd., Auburn, California, 95603.

### II. STATEMENT OF FACTS

3. Plaintiff Macklin obtained a mortgage re-financing his home on April 19th, 2006. Such transaction is evidenced by a Note in favor of Accredited Home Lenders, Inc. A true and correct of the Note was produced by Defendant(s) as a part of request for production of documents in a related case known as: *Macklin v. Deutsche, et al.* USBC, Eastern District of California, Case No.10-01097, and is attached herewith as **Exhibit 1, Note.** Such Note is allegedly secured by a deed of trust with Financial Title Company as Trustee, Accredited Home Lenders, Inc. as "Lender", and MERS (Mortgage Electronic Registration Systems, Inc.), "*a separate corporation that is acting solely as a nominee for lender and lenders' successors and assigns.* **MERS is the Beneficiary under this Security Instrument."** A true and correct copy of the deed of trust as produced by Defendant(s) in the request for production of documents in the related case *Macklin v. Deutsche, et al.,* USBC, Eastern District of California, Case No.10-01097, and is attached herewith as **Exhibit 2, Deed of Trust.**

4. Through a search of public records at the Placer County Recorders' Office, **See, Exhibit 3, County Recorder Office documents, numbered 1 -15)** a Notice of Default was filed by Defendants' Affiliate, Windsor Management Co., as agent for MERS, Inc., the named nominee

beneficiary for the Lender Accredited Home Lenders, Inc., on December 8th, 2008. In section **24** of the deed of trust signed by Mr. Macklin, the trustee may be only be substituted by: "***Lender, at its' option, may from time to time appoint a successor trustee to any trustee appointed hereunder by an instrument executed and acknowledged by <u>Lender</u> and recorded in the office of the recorder…***" Nowhere in the deed or Note does it state or even imply that a ***Nominee*** (MERS) of the Lender may do any of the preceding. This evidences the use of false and misleading documents by the Defendant(s) Deutsche. Since MERS never received a transfer of the Note, they cannot ever be the Lender or its' successor or assign, and, therefore, cannot substitute a trustee pursuant to the restrictive language of the deed of trust. A Notice of Trustee Sale was subsequently filed on Nov. 25th, 2009 (**Exhibit 3, pages 13-15**, **Doc # 2009-0101491-00**) where the defective, unauthorized Notice was executed by "Quality Loan Services" and used as part of the fraudulent chain of foreclosure documents filed by Defendant(s) Deutsche. Next, a new Substitution of Trustee was filed (**Exhibit 3, pages 4-6**, **Doc # 2009-0101490-00**) by Defendant Deutsche. In this document, "Wayne Hessler", Duly Appointed Officer" of Deutsche signs the notarized document on August 21st, 2009, as the "Beneficiary" of the deed and Note, yet, it is not filed and recorded until November 25th, 2009. In August, 2009, Deutsche was not a Beneficiary, nor was "Wayne Hessler" ever an employee or Officer of Deutsche, according to Deutsche's Human Resources dept.

     5.     Finally, the Corporate Assignment of Deed of Trust (**Exhibit 3, pages 7-8, Doc No. 2009-0101918-00**) was filed on November 30th, 2009, and executed on November 17th, 2009, by "Bill Koch, Assistant Secretary of MERS". This document evidences Defendants' attempt to assign beneficial interest in the subject Note to Deutsche, a full three months after the Defendant already performed a substitution as the Beneficiary, which was based upon a facially false document. Since this last assignment came from MERS, as nominee of the original "lender" Accredited, who had already filed for bankruptcy, it is a criminal violation of Bankruptcy laws. Accredited Home Lenders, Inc. had filed for bankruptcy protection in March/April of 2009 and cannot assign any assets during the pendency of this proceeding without the express written authority of the U.S. Trustee of their bankruptcy. Further, MERS never had any pecuniary interest in the Note and

cannot convey beneficial interest to any party, unless the Note and deed were assigned to them. The Note makes no reference to MERS, Inc. in any capacity.

6.  Defendant Deutsche has purposefully excluded the Corporate Assignment of Deed from their Exhibits in their Motion to Lift Stay in the Chapter 7 case. This is an admission that false documents were used by Defendant to curry this Courts' favor in the hopes that form rather than substance would carry their Motion. This is a pattern of conduct by the Defendant that is egregious at best and possibly criminal. This type of conduct is how the Defendant continues to prosecute all of their foreclosures in this state.

7.  At no time has the Defendant exhibited the requisite number of signatures from the series of certificate holders in the "AMLT 2006-2" REMIC Trust who, in their voting majority, must ratify the commencement of any action made by the trustee of the trust, Deutsche. **Exhibit 5, Master Sales and Servicing Agreement, ("MSSA") bates numbers 274-275, section 10.02.** This is pursuant to the trust agreements themselves and **California Civil Code 2934(a)(b).** Also, since the "AMLT 2006-2" trust has elected to treat all alleged assets of the trust as **Real Estate Mortgage Investment Conduit** ("REMIC"), as a tax free entity, these Trust assets fall under the scope of **IRS Rule 860D(a)(4),** which states that all assets of the trust must be conveyed into the trust within 90 days of the closing date of the trust, and no impaired assets or non-performing assets may be conveyed into the trust at any time. Defendant(s) did not follow the trust agreements punctiliously by virtue of assigning assets into the trust after the cut-off date (June 1st, 2006) and attempting to convey a non-performing asset (the subject Note) into this trust. **Exhibit 4, The REMIC Trust, bates number 000010, Exhibit 5, MSSA, bates numbers 237-238, section 2.01, 2.04 and 2.05.** This represents a complete violation of the trust laws of New York, the jurisdiction of this trust, and IRS Rule 860A et.seq. This further represents a pattern of conduct by Defendant which violates California Business and Professions Code § 17200 and evidences their own disregard for the laws of this state and the authority of this Court.

8.  Plaintiff has successfully rebutted the presumption that a valid trustees' deed upon sale has been executed by Defendant Deutsche based upon the evidence provided **by Defendant**. Defendant made a credit bid "purchase" for the subject property without the requisite beneficial

- 5 -

NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES L. MACKLIN IN SUPPORT THEREOF

interest being vested in them. **No consideration** has passed by Defendants' attempted credit bid "purchase" and, therefore, a *Bona Fide* purchase did not occur. **See Exhibit 3, pages 9-10, Trustee's Deed upon Sale.** Defendant(s) has also circumvented California's taxation laws as they relate to conveyances of real property by exhibiting false documents into the public record knowingly and with intent to dispossess Plaintiff of his property without authority. Plaintiff had never before been made aware of Defendants' alleged beneficial interest claim, as is mandated under the Truth In Lending Act ("TILA"), § 1641(g) wherein the new creditor has 30 days to notify the Borrower of a change in beneficial ownership interest. This would have had to occur by July 1st, 2006. No such Notice was ever given to Plaintiff.

9. Plaintiff is informed and believes and thereon alleges that Defendant never lawfully conveyed the asset Note and Deed into this trust and is acting *ultra vires*. No demand for payment or any actual payment was ever made to Deutsche Bank since the inception of Plaintiffs' mortgage.

### III. APPLICABLE AUTHORITIES

10. Federal Rule of Civil Procedure 65 and Local Rule 65-1 authorize this Court to enter a preliminary injunction or Temporary Restraining Order ("TRO"). *See* Fed.R. Civ.P §65. The purpose of such injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be conducted. *See, E.&J. Gallo Winery v. Andina Licores S.A.*, 446 F. 3d 984, 990 (9th cir. 2006), *LGS Architects, Inc v. Concordia Homes*, 434 F. 3d 1150, 1158 (9th cir. 2006).

11. A party seeking a preliminary injunction must show either: (1) a combination of probable success on the merits and the possibility of injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its' favor. *Faith Ctr. Church Evangelistic Ministries v. Glover*, 462 F.3d 1194, 1201-02 (9th cir. 2006. These two formulations represent two points on a sliding scale in which the required degree of irreparable injury increases as the probability of success decreases. *LGS Architects*, supra, at 1155; See also, *Harper v. Poway School District*, 445 F.3d 1166, 1174 (9th cir. 2006) (*the greater the relative hardship to the moving party, the less the probability of success must be shown to support the grant of a preliminary injunction*).

12. In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as a prerequisite to

preliminary injunctive relief.  *Associated Gen. Contractors v. Coalition for Economic Equity,* 950 F.2d 1401, 1410 (9th cir. 1991), cert. denied, 503 U.S. 985 (1992).

13.  Under the sliding scale theory, a party seeking an injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th cir. 1993), cert, denied, 511 U.S. 1030 (1994).  Additionally, in cases where the public interest may be affected, the Court must consider the public interest as a factor in balancing the hardships. *Harris v. Bd. Of Supervisors,* 366 F.3d 754, 760 (9th cir. 2004).

14.  While a preliminary injunction will not be issued without security by the applicant under Fed. Rule of Civil Procedure 65(c), a District Court has wide discretion in setting the amount of a bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction.   See, *Connecticut Gen. Life Insurance Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th cir. 2003).

### IV. ARGUMENTS

Plaintiff's Adversary Complaint filed on January 13, 2011, asserts claims for, among others, TILA violations, Quiet Title, cancellation of trustees' deed and damages.

15.  **Probability of Success on the Merits**.  Plaintiff can demonstrate high probability of success on the merits on their claims for relief of cancellation of trustee's deed and in their Truth In Lending Act claims.

16.  **Cancellation of Trustees' Deed Upon Sale.**

a.  Strong showing is made that Deutsche was never a beneficiary under the deed and that, indeed, false and fraudulent documents were used by Defendant to attempt to dispossess Plaintiff of his property. The power of sale within the deed is not vested in Defendant, was never vested in Defendant, and can never be vested in Defendant, Deutsche. Plaintiff never received demand for payment from Deutsche nor received any assignment nor was any valid assignment ever recorded within the land title records office of the Placer County Recorders' Office.

b.	In this case, transfer of the mortgage paper may be made outright (sale) or by pledge (as a security for a loan to the transferor). In any event, to perfect the transfer, the transferor should physically deliver the Note, together with the deed, to the transferee. Without a physical transfer, a sale of the Note should be invalidated as a fraudulent conveyance under Cal. Comm. Code §§ 9313-9314.  See, <u>California Mortgages and Deed of Trust, and Foreclosure Litigation</u>, by Roger Bernhardt, 4th Edition, §1.26.

c.	In this case, the only evidence Defendant Deutsche has, is a copy of a Trustee's Deed Upon Sale, which stated that it was the Grantee who was the foreclosing Beneficiary under the deed of trust. (**Exhibit 3, pages 9 10**) No other evidence that can be found at the Recorders' Office, or in any public record, evidencing Deutsche as the beneficiary of the original deed or note. Rather, the deed and note run in favor of Accredited Home Lenders, Inc., and no valid assignment of deed or note assigning beneficial interest to Defendant Deutsche exists.

d.	There is no authority (and Plaintiff is aware of none) for the apparent proposition that transfer of the deed and note without valid assignment, let alone recordation, is sufficient to grant Defendant Deutsche or the "AMLT 2006-2" REMIC Trust a security interest or beneficial interest in the property as beneficiary. Judicial economy and "industry standard" is not a substitute for substantive characteristics of legal documents. As it stands on the current record, the Trustees' Deed Upon Sale in favor of Deutsche as beneficiary foreclosing on the Deed of Trust by way of "credit bid" constitutes fraudulent transfer and conveyance. Nothing in the Deed of Trust or the Note, as written or in the way in which it has been handled by Defendant(s), gives any indication that Deutsche or "AMLT 2006-2" REMIC Trust has any lawful form of interest whatsoever in the subject property. Not surprisingly, therefore, Defendant Deutsche focuses this Courts' attention on the ***prima facie*** Trustees' Deed.

Cal. Civil Code § 2932.5 provides: "*Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee <u>if the assignment is duly acknowledged and recorded.</u>*"

- 8 -
**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES L. MACKLIN IN SUPPORT THEREOF**

e.  Plaintiff is aware of no California case law interpreting this section. However, it appears to indicate that a security interest runs with the obligation, that is, an assignment of the Note amounts to an assignment of the Deed of Trust. However, the Note, as obtained by Plaintiff from Defendant through production of documents in the related case acting on behalf of the alleged beneficiary, contained no endorsement to any person. (**Exhibit 1**) A blank Allonge was received by Plaintiff which contains no qualified signature nor any identified person under whom any authority arises. Plaintiff is informed and believes and thereon alleges that this Allonge was created by Defendant(s) and is facially void for lack of authoritative substance. An Allonge is only permitted to be used if there is no room on the Instrument for endorsement, including the reverse side of the Instrument. Defendants' evidentiary Note exhibits no such traits. Furthermore, MERS, Inc. is nowhere named in the Note and could not conceivably have assigned the Note to Deutsche…under any circumstances.

17.  **Truth In Lending Act**.  In addition, Plaintiff shows a high probable success on the merits of their claims brought under the Truth In lending Act ("TILA"). "*The TILA was enacted by Congress to 'avoid the uninformed use of credit". Jackson v. Grant*, 890 F.2d 699, 704 (9th cir. 1989). To effectuate this purpose, "[e]ven technical or minor violations of the TILA impose liability on the creditor". Id. (citing *Semar v. Platte Vly Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704 (9th cir. 1986)**.**  Thus, the Ninth Circuit has held that the TILA and accompanying regulations must be "absolutely complied with and strictly enforced." Applicable here, Section 125(a) of the TILA, 15 U.S.C. §1641 was amended by adding at the end the following:

"(*g*) NOTICE OF NEW CREDITOR

    (1) IN GENERAL,- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

        (A) The identity, address, telephone number of the new creditor;

        (B) The date of the transfer

(C) How to reach an agent or party having authority to act on behalf of the new creditor;

(D) The location of the place where transfer of ownership of the debt is recorded; and

(E) Any other relevant information regarding the new creditor.

From the record, it appears Deutsche cannot become a creditor or assignee of the deed of trust. Therefore, any assertion made by Defendant Deutsche as beneficiary whether as creditor under the Note or beneficiary under the Deed of Trust cannot legally or lawfully occur.

18. **Irreparable Harm**

a. Plaintiff maintains that he will be irreparably harmed as a result of losing possession of his family home. In *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at *1 (S.D. Cal. 2007), the Court found that "[l]osing ones' home through foreclosure is an irreparable injury." Similar findings were made by the Courts in *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774, 789 (11th cor. 1984) "Irreparable injury is suffered when one is wrongfully ejected from his home. Rea property and especially a home is unique"; *Cronkhite v. Kemp*, 714 F. Supp. 822 (E.D. Wash. 1989).

b. One Court denied a temporary restraining order on a foreclosure, reasoning that the TRO applicant could halt the foreclosure by paying the amount due on the loan. See, *Barrett v. Popular Inc.*, 2007 WL 1753539, at *1 (W.D. Wash. 2007). But in this case, the validity of the trustee's deed itself is the heart of the dispute. The Court, therefore, should be persuaded that Plaintiff will be irreparably harmed by losing possession of his home.

19. **Bond**. While literal language of Fed. Rule of Civil Procedure 65(c) suggests that a restraining order will not be issued without security by the Applicant; a district court has wide discretion in setting the amount of the bond, if any. See, *Connecticut Gen. Life Insurance Co. v. New Images of Beverly Hills*, 321 F.3d 906, 919 (9th cir.). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the Defendant from enjoining his or her conduct." *Jorgensen v. Cassidy*, 329 F.3d 906, 919 (9th cir. 2003). Here, there is no realistic harm to the Defendant(s) from a temporary restraint of the foreclosure proceeding. If

the Defendants' position that the trustees' deed is valid, then Defendant can take possession as no transfer can take place. The Defendant has also been receiving payment on a monthly basis for the exact amount due from a third party obligor under the Note. This is evidenced by the certificate holders' statements as **Exhibit 4, REMIC Trust, and Exhibit 1, Promissory Note, paragraph 8.** Under **Cal. Comm. Code § 3602;** any obligation paid, to the extent payment is made and received, regardless of the source of the payment, is extinguished. There is no harm to Defendant unless a default is declared by the certificate holders of the REMIC Trust and an Officers' Statement is issued by the authorized trust Officer of "AMLT 2006-2". Defendant has not evidenced such an Instrument or instruction by the voting majority of the Trust, whose controlling Agreements (Master Sales and Servicing Agreement and Prospectus) dictate the actions of the Indenture Trustee, **Defendant Deutsche Bank National Trust Co., as Indenture Trustee.** Deutsche is not a typical Common Law Trustee with fiduciary duties; rather, it is a special corporate trustee who must comport to the laws of the trust specifically and punctiliously, without exercising any un-authorized actions. The Defendants' interests, if there are any, are adequately secured by the trustees' deed, if found to be valid, and the other obligors' payments under the Note and interrelated Trust Agreements.

## V.    CONCLUSION

Accordingly, Plaintiff prays the Court to grant his *Ex Parte* application for a temporary restraining and Order to Show Cause enjoining Defendant(s) from taking possession and evicting Plaintiff from his home locate at 10040 Wise Rd., Auburn, California, until the preliminary injunction hearing.

Plaintiff further requests this Court to set a hearing date for preliminary injunction.

Dated: February 4, 2011          LAW OFFICES OF HOLLY S. BURGESS

By    /s/ Holly S. Burgess                .
     Holly S. Burgess
     Attorney for Plaintiff/Debtor

# DECLARATION OF JAMES L. MACKLIN

I, James L. Macklin, declare:

1. I am the Plaintiff in the above-entitled matter and the owner of the property upon which Notice of Application and Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

2. I have not previously obtained an order from any judicial officer for similar relief in this case.

3. I am seeking to enjoin Defendant(s) Deutsche Bank National Trust Co., as Indenture Trustee for the Accredited Mortgage Loan Trust 2006-2 Asset-Backed Notes, hereinafter "Deutsche", from proceeding with the taking of my personal property and evicting from my home, otherwise known as: 10040 Wise Rd., Auburn, California.

4. I obtained a re-financing of my home with Accredited Home Lenders, Inc. on April 19, 2006.

5. I faithfully made each and every payment under the Note and Deed as required until May, 2008. Upon the discovery of a defect in the terms of the Note and Deed which I was told I was signing, and the actual "Interest Only" characteristics of the Note being enforced and collected upon by Defendant(s) and their Affiliates, I communicated with the "Lender" Accredited my discovery and began asking them for verification of the terms and conditions of the loan application and subsequent underwriting transmittals used by Defendant(s).

6. I made my last payment to the lender in August 2008. I then, in writing and sent via certified U.S. Mail, disputed the validity of the documents that were used as the basis of my "loan".

7. I discovered that, in fact, the lenders' agent/affiliate, Wells Fargo Mortgage (Roseville, CA) had input false information relative to my personal income, time of occupancy in my home, dates of self-employment, value of the home, and violations of Truth In Lending too list here.

8. I personally appeared at the Roseville, California offices of the Broker, Wells Fargo Mortgage, Rocky Ridge Rd., and exhibited the obvious falsifications to the "manager" on duty that

- 12 -

NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES L. MACKLIN IN SUPPORT THEREOF

day (approximately August 2008). I was threatened with arrest if I did not leave the offices by this manager.

9. I communicated many times with the loan servicer and subsequent servicer over a period of several months via certified U.S. Mail with no substantive response from any party. Not once did I ever receive Notice of the subject beneficial interest of my Note obligation being transferred or conveyed into this "AMLT 2006-2" Trust, even though I inquired several times as to the exact owner of the Instrument.

10. Through over 6,000 hours of intense study and research, I have been able to determine that Deutsche Bank, as Indenture Trustee for the "AMLT 2006-2" Trust, has been secreting their interests from me as a consumer and that, in fact, the original named lender, Accredited Home Lenders, Inc., never loaned me anything of substance, nor did they extend me their credit. Rather, they relied upon the proceeds from the sales of mortgage backed securities as the principal source of capital used in the funding paid to escrow on my account.

11. Through the use of false and misleading documents filed for record by Deutsche Bank, they began foreclosure proceedings against my son, Jason R. Macklin, who has never had any interest in the subject property, other than being my son. Deutsche obtained a summary judgment against my son for possession of the property without any legal authority to do so. Defendant Deutsche relies upon a series of false documents, which the Court is expected to accept prima facie, unless specifically rebutted. Plaintiff Macklin specifically and categorically rebuts and denies the substance of these filed documents since the inception of his mortgage transaction throughout the Trustee's Deed Upon Sale.

12. Plaintiff states the claim that a wrongful foreclosure and subsequent Trustees' Sale has occurred and asks the Court to consider, carefully, the actual substance of the documents filed by Defendant, Deutsche, within the Placer County Recorders' Office and Exhibited in this case.

13. Plaintiff also requests this Court to carefully examine the substance of the controlling documents known as: Master Sales and Servicing Agreement, Prospectus/Prospectus Supplement, and Trust Indenture, as filed for record with the United States Securities and

- 13 -

NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES L. MACKLIN IN SUPPORT THEREOF

Exchange Commission on or about June 1, 2006. These documents are controlling as to the assets of the Trusts which Deutsche claims to represent the interests in.

14. There is no realistic harm which may come to Defendant from a temporary restraint of the unlawful detainer action. If the Defendants' position that the loan is secured by the real property, then the loan is secured by that very property.

15. The Defendants' interests are adequately secured if they have valid documents and a valid chain of title and custody of all requisite documents, as required by all laws concerning the conveyance of real property.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 7, 2011, at Placer County, Auburn, California.

/s/ JAMES L. MACKLIN              .

JAMES L. MACKLIN