Case 11-02024    Doc 13    Page 1 of 12

FILED
February 09, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003272106

12

Robert A. Bleicher (Bar No. 111334)
rbleicher@carr-mcclellan.com
Michael J. McQuaid (Bar No. 95871)
mmcquaid@carr-mcclellan.com
J. Craig Crawford (Bar No. 238466)
ccrawford@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:    (650) 342-9600
Facsimile:     (650) 342-7685

Attorneys for Defendant
DEUTSCHE BANK NATIONAL
TRUST COMPANY

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. MACKLIN,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO., AS INDENTURE TRUSTEE FOR THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED NOTES, et al.<br><br>Defendants. | Case No. 10-44610-E-7<br><br>Adv. Pro. No. 11-02024-E<br><br>Docket Control No. HSB-2<br><br>OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; DECLARATION OF ROBERT A. BLEICHER<br><br>Date:  February 10, 2011<br>Time:  1:00 P.M<br>Location: Dept. 33 |

**I. INTRODUCTION**

Debtor-Plaintiff ("Plaintiff") applies *ex parte* for the extraordinary relief of a temporary restraining order despite the fact that he has failed to properly serve a copy of the summons, adversary complaint, and moving papers on Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), and despite the fact that he is unlikely to prevail on the merits of the claims raised in his Adversary Complaint.  Plaintiff further makes this application despite the fact that just last week the Bankruptcy Court considered, and rejected, the very same arguments Plaintiff

iManage\3638149.1

advances here when it granted Deutsche Bank relief from the automatic stay in the underlying bankruptcy case for the purpose of pursuing the conduct Plaintiff now seeks to enjoin. Nothing has changed since the Court rejected these same arguments five days ago, and this Court should reaffirm the Bankruptcy Court's prior order and permit Deutsche Bank to continue with its lawful attempts to gain possession of the Property.

## II. FACTUAL BACKGROUND

Deutsche Bank is the legal owner of real property located at 10040 Wise Road, Auburn, CA 95603 (the "Property"). Deutsche Bank acquired title to the Property at a foreclosure sale held on December 14, 2009, and perfected title to the Property in accordance with California law. Exhibit A. A Notice to Vacate was posted on the Property on January 13, 2010. Exhibit B. The notice periods under the applicable law have since expired. After the notice period expired, Deutsche Bank filed a Complaint for Unlawful Detainer in state court on March 26, 2010. Exhibit C. Plaintiff filed for bankruptcy on September 16, 2010.

Deutsche Bank moved the Court for relief from the automatic stay on September 27, 2010. *See* Docket Item No. 48. As part of its motion, Deutsche Bank requested that it be able to "proceed with all available State law remedies to recover possession of the Property, including without limitation the commencement and/or continuation of unlawful detainer proceedings, and the disposal of any personal property remaining in the Property in accordance with California law, and the Sheriff is authorized to evict [Plaintiff] and all other occupants of the Property, without further notice, hearing or court order."

Plaintiff opposed Deutsche Bank's motion on December 7, 2010. In support of his opposition, Plaintiff went to great lengths to confuse the issues and in an attempt to support its claim that Deutsche Bank falsely and fraudulently acquired title to the Property. Plaintiff reiterated these same arguments in its supplemental brief in opposition to Deutsche Bank's motion for relief from the automatic stay, filed January 5, 2011. *See* Docket Item Nos. 60 and 87 and Exhibits D and E.

On January 13, 2011, Plaintiff filed an Adversary Complaint against Deutsche Bank to, amongst other things, determine the validity of Deutsche Bank's title and ownership rights of the

Property. The allegations in the Adversary Complaint are almost identical to the arguments advanced in Plaintiff's opposition and supplemental briefs. *Id.* The Court issued a Summons on January 14, 2011.

On February 4, 2011, Judge Robert S. Bardwil ordered that the automatic stay be immediately vacated to allow Deutsche Bank "to exercise and enforce all non-bankruptcy rights and remedies to obtain possess of [the Property], including unlawful detainer or other appropriate judicial proceedings and remedies to obtain possession thereof." *See* Exhibit G.

On February 7, 2011, Plaintiff for the first time sent a copy of the Summons and Complaint to Deutsche Bank's adversary proceedings counsel via electronic mail. Plaintiff also filed the present application for a temporary restraining order and motion for a preliminary injunction, seeking to prevent Deutsche Bank from exercising and enforcing its rights to obtain possession of the Property—rights Judge Bardwil only three days earlier determined Deutsch Bank could pursue. Plaintiff sent a copy of the application to Deutsche Bank via electronic mail. In support of the relief requested in its application, Plaintiff advances the same, tired argument that Deutsche Bank is not the legal owner of the Property.

Earlier that same day, February 7, 2010, Deutsche Bank's counsel informed Plaintiff's counsel that he was authorized to accept service of the Summons, Adversary Complaint, and any anticipated application for a temporary restraining order. At no point during that conversation or any of counsel's prior conversations did Deutsche Bank's counsel agree to waive objection to service, nor did Deutsche Bank's counsel agree to accept service via electronic mail. Moreover, Plaintiff's counsel did not elaborate on the anticipated temporary restraining order application, its timing, or the requested relief.

### III. ARGUMENT

**A.    The Application For Temporary Restraining Order Is Procedurally Defective.**

    **1.    Plaintiff Failed To Serve Deutsche Bank With The Required Documents.**

Plaintiff has not properly served on Deutsche Bank a copy the Adversary Complaint and the required documents related to the application for a temporary restraining order. "No hearing on a temporary restraining order will normally be set unless the [adversary complaint and

application for temporary restraining order and supporting documents] are filed with the Clerk and … **served on the affected parties and/or their counsel**." Local Rule 7065-1(b)(1) (emphasis added). Service via electronic mail is proper only if the parties have agreed in writing to such service, Federal Rules of Civil Procedure ("F.R.C.P.") Rule 5(b)(2)(E), or consented to service by electronic means. Local Rule 7005-1.

Plaintiff claims to have served these critical documents on Deutsche Bank's counsel via electronic mail on February 7, 2011. However, Deutsche Bank's counsel never agreed, in writing or otherwise, to accept service by electronic mail. Declaration of Robert A. Bleicher, ¶ 2 and 3. Therefore, Duetsche Bank has not been served with the required documents and the hearing on the temporary restraining order may not go forward until the defects in service are corrected.

2. **Plaintiff Failed to Serve The Summons Within the Required Time Period.**

Plaintiff failed to timely serve upon Defendant Deutsche Bank National Trust Company ("Deutsche Bank") a copy of the Summons. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). Service of the summons must be completed "within 14 days following issuance of the summons." Rule 7004(e) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."). If service is not timely made, "another summons shall be issued and served." *Id.*

The Summons was issued January 14, 2011. See Docket Item No. 3. By Plaintiff's own admission, he did not even attempt to serve Deutsche Bank's counsel with a copy of the Summons until February 7, 2010 – **24 days** after the Summons was issued. See Docket No. 10 ("Summons/Adversary Complaint Proof of Service"), Docket No. 9 ("TRO Proof of Service"), and Docket No. 7 ("Burgess Declaration") at Paragraph 10. Plaintiff offers no explanation as to why she waited so long to serve the Summons.[1] Accordingly, "another summons shall be issued

---

[1] Nor is Plaintiff relieved of this critical burden by vague statements that he "caused to be served" the Adversary Complaint on Deutsche Bank's counsel in the State court unlawful detainer proceedings, Robert J. Jackson & Associates, Inc ("RJA"). Although a lawyer who repeatedly represents a client in the underlying bankruptcy proceedings may be deemed the client's implied agent to receive service of process where the totality of the circumstances demonstrate the client's intent to convey such authority, *see In re Focus Media Inc.,* 387 F.3d 1077 (9th Cir. 2004), here RJA appeared in the underlying bankruptcy proceedings for the limited purpose of obtaining

iManage\3638149.1                     4

and served." F.R.B.P. Rule 7004(e). Only then will the Court have jurisdiction over Deutsche Bank, and any hearing on the application for a temporary restraining order must be continued until that time.

### 3. Plaintiff Failed To Provide Appropriate Notice of the Application.

Plaintiff failed to provide appropriate notice of the temporary restraining order to Deutsche Bank as required by Local Rule 7065-1(a) and F.R.C.P. Rule 65. Local Rule 7065-1(a) requires the party seeking a temporary restraining order either provide appropriate actual notice or alternatively comply with the requirements of F.R.C.P. Rule 65(b). Plaintiff has done neither. Although Plaintiff's counsel did inform Deutsche Bank's counsel, Carr McClellan, of her intent to seek a temporary restraining order when she asked Carr McClellan to confirm that it was authorized to accept service of the temporary restraining order (along with the Summons and Adversary Complaint), she did not comply with Local Rule 7065-1(a)'s requirement that she inform Carr McClellan of (1) the date and time of hearing to be requested, (2) whether the Court will permit counsel to appear by telephone, and (3) the nature of the relief requested. Indeed, she does not claim to have provided Carr McClellan with such notice. *See* Burgess Declaration at Paragraphs 6 and 8. Nor did Plaintiff comply with F.R.C.P. Rule 65(b)'s requirements permitting issuance of the temporary restraining order without notice. Namely, Plaintiff does not provide any specific facts clearly showing good cause why notice should not be given, and the Proposed Order does not state that the Order is being issued without notice. F.R.C.P. Rule 65(b); Local Rule 7065-1(b)(5). Rather, Plaintiff admits that the automatic stay with respect to Placer County Superior Court Case No. MCV 45238 expires February 16, 2011, at which time counsel for Deutsche Bank may *begin* prosecuting the action for possession of the property at issue.

### 4. The Proposed Order is Deficient.

The Proposed Order does not does not provide notice that Deutsche Bank may apply to the Court for modification or dissolution of the Order. Local Rule 7065-1(c) requires that, in all

---

relief from the automatic stay so that it could resume prosecution of the unlawful detainer proceedings. Nothing about such a limited representation demonstrate Deutsche Bank's intent to convey authority for RJA to act as an implied agent in the adversary proceedings, let alone the underlying bankruptcy proceedings. Moreover, Plaintiff admits that RJA promptly informed her that they were not authorized to accept service in the adversary proceeding.

iManage\3638149.1

5

1  circumstances in which a temporary restraining order is requested *ex parte*, the proposed order
2  shall further notify the affected parties that they may apply to the Court of modification or
3  dissolution of the Order on two days notice. Plaintiff has requested a temporary restraining order
4  *ex parte*. The Proposed Order does not notify Deutsche Bank of the time to apply to modify or
5  dissolve the Order. Accordingly, the application papers are deficient.

6  Plaintiffs' temporary restraining order and supporting papers contain numerous,
7  substantial procedural defects, most of which go to the core of Deutsche Bank's due process
8  rights and the Court's jurisdiction to issue enforceable orders, including the Proposed Order at
9  issue here. The application for a temporary restraining order should be denied on these grounds
10 alone. Nonetheless, Plaintiff application should also be denied because he has failed to prove the
11 requisite likelihood of success on the merits.

12 **B.    Plaintiff Has Failed To Demonstrate A Likelihood of Success On the Merits.**

13 In order to obtain a preliminary injunction, Plaintiff must show that he is "likely" to
14 prevail in the merits. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 665 (2004).
15 Plaintiff has the initial burden of proof regarding his likelihood of succeeding on the merits.
16 *Perfect 10 v. Amazon.com, Inc.*, 508 F.3d 1146, 1158.

17 **1.    The Bankruptcy Court Has Already Rejected The Claims In The Complaint.**

18 Plaintiff recently opposed Deutsche Bank's application for relief from the automatic stay
19 to permit Deutsche Bank to proceed with the unlawful detainer proceeding. A review of these
20 opposition papers reveals that the arguments asserted are virtually identical to the claims now
21 alleged in Plaintiff's Adversary Complaint. *See* Docket Item No. 1 (Adversary Complaint),
22 Exhibit D (Plaintiff's Opposition), and Exhibit E (Supplemental Opposition). As it does now,
23 Deutsche Bank responded to these claims to address the lack of merits. *See* Exhibit F (Deutsche
24 Bank's Reply Brief).

25 The Bankruptcy Court, after a thorough consideration of the papers filed and the parties'
26 arguments, granted Deutsche Bank's requested relief from the stay. *See* Exhibit G (Order
27 Vacating Stay). In so doing, Judge Bardwil expressly authorized Deutsche Bank to "exercise and
28 enforce all non-bankruptcy rights and remedies to obtain possession of [the Property]."

Moreover, Judge Barwil determined that Plaintiff had failed to raise sufficient cause to keep the Bankruptcy Court from lifting the stay. Plaintiff has once again put the merits of these claims at issue. Plaintiff has done nothing to explain how the merits of these issues are any different now than when this court rejected them five days ago. Baring any changed circumstances, the Court should reaffirm the Bankruptcy Court's prior determination that these claims are not sufficiently meritorious.

The fact that the court already rejected the same arguments plaintiff now makes in its Adversary Complaint is compelling, if not conclusive, evidence that he is not likely to prevail on the merits of his claims. Further, a review of the merits of Plaintiff's specific claims also demonstrates that Plaintiff cannot carry his burden of demonstrating a likelihood of success.

### 2. The Court Does Not Have Jurisdiction Over The Property.

The Bankruptcy Court only has jurisdiction over the property of the Bankruptcy Estate. Although Plaintiff claims ownership of the Property in his Adversary Complaint and in Schedules A and C, the evidence establishes that this Property was sold at a foreclosure sale held on December 14, 2009, and Deutsche Bank is listed as the owner on the recorded foreclosure deed. Exhibit A. A Notice to Vacate was posted on the property on January 13, 2010. *Id.* The applicable notice periods have since expired. *See id.* All of these events occurred <u>prior to</u> Plaintiff's filing of bankruptcy in September 2010. Plaintiff's legal and equitable rights to occupy the Property had already been terminated as of the Petition date.

Plaintiff appears to claim that the foreclosure sale and recorded foreclosure deed are fraudulent. Plaintiff offers no specific evidence beyond his "belief" and conclusory allegations. Aside from the evidentiary issues, a trustor under a deed of trust securing a negotiable promissory note cannot challenge the validity of an assignment on grounds that it was made without consideration. *Anderson v. Wickliffe,* 178 Cal. 120, 121-122 (1918). Further, although the foreclosure process cannot be used to deprive the trustor of his property fraudulently, there is a presumption that a foreclosure sale has been conducted regularly and fairly. *Brown v. Busch*, 152 Cal. App. 2d 200, 203-204 (1957). Plaintiff has produced no evidence beyond naked allegations and unsubstantiated hypotheses to rebut this presumption.

### 3. Plaintiff's Failure To Tender Precludes His Attack On The Foreclosure.

Fundamental to Plaintiff's Adversary Complaint is his purported challenge to the validity of the foreclosure sale on the Property. However, as a precondition to challenging a foreclosure sale, the borrower must, in good faith and with the ability to perform, make an unconditional offer to pay, or pay, the secured debt prior to the foreclosure sale. Cal. Civ. Code §§ 1487 (full performance), 1493 (good faith), 1494 (unconditional), 1495 (offer or must have the ability to perform).

The failure to tender bars any cause of action challenging the foreclosure, including causes of action for wrongful foreclosure, to set aside the sale, and cancellation of the trustee's deed. Cal. Civ. Code §§ 1487, 1493, 1494, 1495; see also *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-580 (1984); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167 (9th Cir. 2003) (plaintiffs could not attempt to rescind refinanced mortgage loan based on claim that they were not provided with disclosures required by the Truth in Lending Act ("TILA") because they were unable to tender the loan proceeds). Plaintiff, therefore, cannot demonstrate a likelihood of success on the merits. *See Labra v. Cal-Western Reconveyance Corp.*, 2010 U.S. Dist. LEXIS 23165 (N.D. Cal. Mar. 11, 2010).

### 4. Defendants Have Standing.

As best Deutsche Bank can tell, Plaintiff is asserting that only the original lender of the refinanced loan has standing to foreclose, and that Deutsche Bank is a "stranger" to the loan transaction and the Property. However, under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents may conduct the foreclosure process." *Coyotzi v. Countrywide Fin. Corp.*, No. 09-1036, 2009 U.S. Dist. LEXIS 91084, *53 (E.D. Cal. Sept. 16, 2009). Indeed, under California law, one of the primary duties of the trustee is "to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property." *Kachlon v. Markowitz,* 168 Cal.App.4th 316, 334 (2008). The beneficiary is free to make a substitution of the trustee in order to conduct the foreclosure sale. See *id.*; Cal. Civ. Code §§ 2934(a), 2924(b)(4).

### 5. Plaintiff's TILA Claims Are Time-Barred.

Many of Plaintiff's claims are based on alleged TILA violations. A TILA claim begins to run when on the date the transaction underlying the alleged violations was "consummated." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). 15 USCS 1635(f) completely extinguishes the right to rescind a home loan transaction after **three years**. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (U.S. 1998). The expiration for the right of rescission cannot be tolled because "§ 1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). The loan was made in April 14, 2006. The Adversary Complaint was filed January 13, 2011. To the extent Plaintiff relies on alleged TILA violations to support his claims, such claims are time-barred and meritless.

Moreover, Deutsche Bank was not involved in the loan origination. It had nothing to do with the valuation of the dwelling. Aside from the fact that a lender does not have a duty to disclose to a borrower that he does not have the ability to repay the loan, *Cross v. Downey Sav. & Loan Ass'n, supra*, No. CV 09-317 CAS (SSx), 2009 WL 481482, at *5, these allegations do not indicate that Deutsche Bank has any liability.

### 6. Deutsche Bank Did Not Commit Fraud.

Plaintiff alleges that Deutsche Bank committed fraud in the conveyance. Fraud claims asserted in federal court must comply with the requirements of Federal Rule of Civil Procedure 9(b), which provides that allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b). Plaintiff's fraud cause of action fails to meet these standards.

### 7. Deutsche Bank Did Not Libel.

Plaintiff includes a conclusory statement that Deutsche Bank's "conduct" constituted libel in that it tended to defame, disparage, and injury Plaintiff in his business and reputation. Plaintiff does not allege what this conduct was, or more particularly what the allegedly defamatory statement was. Such conclusory statements, even under the most liberal pleading standards, do not give rise to a probability, let alone a likelihood, of success on the merits.

**8.     Plaintiff Submits Almost No Evidence To Establish Likelihood of Success.**

Plaintiff submits five exhibits in support of his application for temporary restraining order. Of these exhibits, only Exhibits 1 and 2 are authenticated. The remaining Exhibits are not authenticated and are otherwise not self-authenticating. To the extent the likelihood that Plaintiff will prevail on the merits depends on these unauthenticated Exhibits, those claims are unsubstantiated and therefore unlikely to prevail.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Application for a Temporary Restraining Order should be denied.

Dated: February 9, 2011                    CARR, McCLELLAN, INGERSOLL,
                                           THOMPSON & HORN
                                           Professional Law Corporation


                                           By:   /s/ Robert A. Bleicher
                                                 Robert A. Bleicher
                                                 Attorneys for Defendant

iManage\3638149.1                          10

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER
DECLARATION OF ROBERT A. BLEICHER

**DECLARATION OF ROBERT A. BLEICHER**

I, Robert A. Bleicher, declare:

1.    I am an attorney licensed to practice before the Courts of the State of California and before this Court. I am a director of Carr, McClellan, Ingersoll, Thompson & Horn, Professional Law Corporation, attorneys of record for Crown Building Maintenance, Inc., dba Able Building Maintenance, dba Able Services. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would testify competently and truthfully regarding those facts.

2.    On February 3, 2011, I received a call from Ms. Holly Burgess. Ms. Burgess introduced herself as counsel for Plaintiff James Macklin in the underlying bankruptcy and adversary proceedings. Ms. Burgess asked me if I was authorized to accept service of the Adversary Complaint and any anticipated application for a temporary restraining order on behalf of Deutsche Bank. I told Ms. Burgess that I was not authorized to accept service of either the complaint or any other documents in the adversary proceeding. I did, however, tell Ms. Burgess that I would check with Deutsche Bank to determine whether I was authorized to accept service and would provide her a response, one way or the other, on February 7, 2010. At no point during our conversation did Ms. Burgess tell me about (1) the date and time of hearing to be requested, (2) whether the Court will permit counsel to appear by telephone, and (3) the nature of the relief requested.

3.    On February 7, 2011, I called Ms. Burgess to inform her that Deutsche Bank had authorized me to accept service on its behalf. At no point did I agree to waive service or agree to service by electronic mail or other electronic means. Again, Ms. Burgess did not tell me about (1) the date and time of hearing to be requested, (2) whether the Court will permit counsel to appear by telephone, and (3) the nature of the relief requested.

4.    On February 7, 2011, Plaintiff for the first time sent me a copy of the Summons and Complaint via electronic mail.

5.    On February 7, 2011 Plaintiff sent me a copy of the application for a temporary restraining order and motion for a preliminary injunction via electronic mail.

6. A true and correct copy of the Trustee's Deed Upon Sale for real property located at 10040 Wise Road, Auburn, CA 95603 is attached as Exhibit A.

7. A true and correct copy of the Notice to Vacate and Proof of Service for same are attached as Exhibit B.

8. A true and correct copy of the Deutsche Bank's Complaint for Unlawful Detainer related to real property located at 10040 Wise Road, Auburn, CA 95603 is attached as Exhibit C.

9. A true and correct copy of Plaintiff's Opposition Brief to Motion for Relief of Stay [United States Bankruptcy Court, Eastern District of California, Case No. 2010-44610, Docket Item No. 60, filed December 7, 2010] is attached as Exhibit D.

10. A true and correct copy of Plaintiff's Supplemental Opposition Brief to Motion for Relief of Stay [United States Bankruptcy Court, Eastern District of California, Case No. 2010-44610, Docket Item No. 87, filed January 5, 2011] is attached as Exhibit E.

11. A true and correct copy of Deutsche Bank's Reply Brief in Support of Motion for Relief of Stay [United States Bankruptcy Court, Eastern District of California, Case No. 2010-44610, Docket Item No. 79, filed January 5, 2011] is attached as Exhibit F.

12. A true and correct copy of Civil Minute Order Lifting Automatic Stay [United States Bankruptcy Court, Eastern District of California, Case No. 2010-44610, Docket Item No. 100, filed February 4, 2011] is attached as Exhibit G.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of February, 2011 at Burlingame, California.

        /s/ Robert A. Bleicher
        Robert A. Bleicher