Case 11-02024    Doc 27    Page 1 of 4

FILED
February 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003305037

4

Holly S. Burgess (State Bar No. 104575)
LAW OFFICES OF HOLLY S. BURGESS
680 Auburn-Folsom Road, Suite 109
Auburn, CA  95603
(530) 889-8900-Telephone
(530) 392-4641-Direct Dial
(530) 889-8988-Facsimile
hollyburgess@lohsb.com

Attorneys for Plaintiff/Debtor
JAMES L. MACKLIN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>         JAMES L. MACKLIN,<br><br>                      Debtor,<br>_____<br><br>JAMES L. MACKLIN,<br><br>                      Plaintiff,<br><br>-vs.-<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br>AS INDENTURE TRUSTEE FOR THE<br>ACCREDITED MORTGAGE LOAN TRUST<br>2006-2 ASSET-BACKED NOTES; and all<br>persons claiming by, through, or under such<br>person, all persons unknown, claiming any legal<br>or equitable right, title, estate, lien, or interest in<br>the property described in the complaint adverse<br>to Debtor's title thereto; and<br>CORRESPONDENT DOES 1-10, Inclusive,<br><br>                      Defendant.<br>_____ | CASE NO.  2010-44610<br><br><br><br><br><br><br>ADV. NO. 11-02024-E<br><br>DCN:  HSB-003<br><br>DECLARATION OF JAMES L. MACKLIN<br>IN SUPPORT OF MOTION FOR<br>PRELIMINARY INJUNCTION<br><br>DATE:  March 17, 2011<br>TIME:  1:30 p.m.<br>DEPT.: 33, 501 I St., Sacramento, CA |

I, James L. Macklin, declare as follows:

1.    I am the Debtor/Plaintiff in the above-entitled actions.

///

- 2-

2. The facts set forth herein are known to me personally, and if called upon to testify, I could and would competently testify thereto.

3. Attached to this declaration as Exhibit 1 is a true and correct copy of my original promissory note.

4. Attached to this declaration as Exhibit 2 is a true and correct copy of my Deed of Trust.

5. Attached to this declaration as Exhibit 3 are Placer County chain of title documents.

6. Attached to this declaration as Exhibit 4 is Loan Application.

7. Attached to this declaration as Exhibit 5 is Uniform Underwriting and Transmittal Summary.

8. Attached to this declaration as Exhibit 6 is Accredited File Summary.

9. Attached to this declaration as Exhibit 7 is letter dated September 30, 2010 from counsel for Deutsche Bank.

10. Attached to this declaration as Exhibit 8 is 2005 tax return.

11. Attached to this declaration as Exhibit 9 is Financial Title Company wiring instructions.

12. Attached to this declaration as Exhibit 10 is Allonge to Note.

13. On April 19, 2006, I entered into an agreement to pay to Accredited Home Lenders, Inc., the sum of $532,000.00 in exchange for an alleged loan the lender was to provide to me.

14. I signed a promissory note naming Accredited Home Lenders, Inc. as the Obligee/Beneficiary of aforementioned payments.

15. I signed a deed of trust as security instrument attaching to the note. This deed names MERS, Inc. as the nominee of Beneficiary Accredited Home Lenders, Inc. The deed also names MERS, Inc. as the beneficiary. However, upon inspection of the deed at a later date, it became apparent to me that the deed was improperly drafted by the Defendant, Deutsche Bank Nat'l. Trust Co., as indenture trustee for the benefit of the certificate holders of Accredited Mortgage Loan Trust 2006-2 ("AMLT 2006-2").

16. I executed a valid Qualified Written Request and request to Accredited in June, 2008, after finding a series of false information had been recorded on my original loan application and also

- 2-

DECLARATION OF JAMES L. MACKLIN IN SUPPORT
OF MOTION FOR PRELIMINARY INJUNCTION

determining that an interest only "loan" had been executed instead of a "30 yr. fixed conventional" loan, which I was told I was signing. I disputed the validity of the entire loan and offered the property, which was the alleged security of the loan, back to the lender.

17. I was summarily ignored by the lenders' representative servicer and was, instead, sent a copy of the note and a payment history, which was perfect in payment history at the time.

18. At no time did the servicer or its' successor in interest, Select Portfolio Services, Inc., ever answer my questions nor did they timely provide me with a full accounting as required by law.

19. At no time did the servicer identify the alleged creditor, "AMLT 2006-2", or its' indenture trustee, Deutsche Bank Nat'l. Trust Co. as the new "creditor, as required by Title 15, USC 16419(g) and the Federal Trade Commission.

20. After many certified letters to the alleged authoritative party(ies), I rescinded my loan transaction, in writing, to the counsel retained by Select Portfolio Servicing, Inc., Ronald Roup & Associates. At no time prior to this rescission had the servicer or "creditor" ever complied with my request for documentation and I was, therefore, never in any default nor could any information contrary to that be entered onto any public records, including the credit bureaus.

21. Instead of responding timely and under the laws of proper rescission, counsel "Roup" responded with an argumentative letter, which was not sent until 45 days after their receipt of my rescission and offer to re-convey the property back.

22. On or about August, 2009, Servicer "Select" made a verbal offer to reduce the principal amount of the loan if a full payment was received from me within 30 days. I complied with this request in good faith in hopes that an agreement would be reached. No further action was ever taken by "Select" in this offer of settlement.

23. After spending over 7,000 hours of intense research into the financing known as "securitization", I began to litigate this issue in California State Court, which was quickly removed to US District Court by Defendant, Deutsche.

24. I have submitted as evidence, copies of the original loan transaction documents as provided to me by the Broker, Wells Fargo, NA, Roseville, California office, at closing.

25. I have also received evidence as part of my request for documents in preliminary discovery, Exhibits known as: Copy of Allonge, verification of "full doc" loan, wiring instructions

-4-

from Financial Title. These evidentiary documents were sent to me by Defendants' counsel, Robert Bleicher.  Attached to this declaration as Exhibit 7 is a true and correct copy of the letter sent to me by counsel enclosing the reference documents.

      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 24, 2011, at Placer County, Auburn, California.

                                         **/s/ James L. Macklin**        .
                                          JAMES L. MACKLIN

**DECLARATION OF JAMES L. MACKLIN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**