Case 11-02024 Doc 85 Page 1 of 9

FILED
May 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003471961

Robert A. Bleicher (Bar No. 111334)
rbleicher@carr-mcclellan.com
J. Craig Crawford (Bar No. 238466)
ccrawford@carr-mcclellan.com
CARR, McCLELLAN, INGERSOLL,
THOMPSON & HORN Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:  (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant
DEUTSCHE BANK NATIONAL
TRUST COMPANY

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| JAMES L. MACKLIN,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 10-44610 |
| JAMES L. MACKLIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO., AS INDENTURE TRUSTEE FOR THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED NOTES, et al.<br><br>　　　　Defendants. | Adv. Pro. No. 11-02024-E<br><br>Docket Control No.: RAB-002<br><br>**DEUTSCHE BANK NATIONAL TRUST COMPANY'S REPLY MEMORANDUM AND OBJECTIONS TO EXTRINSIC EVIDENCE IN SUPPORT OF AMENDED MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:　　　May 12, 2011<br>Time:　　　1:30 p.m.<br>Courtroom:　33<br>Judge:　　　Hon. Ronald H. Sargis |

## I. INTRODUCTION

Plaintiff James L. Macklin's opposition to Deutsche Bank National Trust Company's motion to dismiss confirms that Plaintiff cannot state a plausible claim upon which relief can be granted. Significantly, Plaintiff improperly relies almost exclusively on extrinsic argument and evidence outside the complaint. Plaintiff's motive for relying on this inadmissible material is clear: his complaint, by itself, does not withstand scrutiny. Further, his opposition ignores substantial legal and procedural impediments that effectively prevent him from establishing a plausible claim for relief. Because Plaintiff may not cure these deficiencies by amendment, his complaint and each of its claims should be dismissed without leave to amend.

## II. ARGUMENT

### A. Plaintiff Misstates The Relevant Legal Standard.

Plaintiff claims that a court considering a motion to dismiss "***must***" assume the truth of plaintiff's allegations, construe the complaint in the light most favorable to plaintiff, draw all reasonable inferences in plaintiff's favor, and presume that general allegations embrace those specific facts that are necessary to support plaintiff's claim. (Opp. 2:14-25.) This characterization of the legal standard is incomplete and therefore irrelevant.

While it is true that a court considering a motion to dismiss generally construes a complaint in the light most favorable to the plaintiff, it accepts as true ***only*** those factual allegations that are properly pled and not contradicted by judicially noticed facts. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22. A court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Lit.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Where, as here, conclusory allegations are contradicted by judicially noticed facts, a court may properly disregard the complaint's allegations. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2006). Once the improper allegations are eliminated, a court may then determine whether the remaining allegations provide "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."

*See Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. Appx. 363, 367 (5th Cir. 2008).

**B.   Plaintiff's Opposition Ignores Several Bars To His Claims For Relief.**

Deutsche Bank's motion to dismiss addresses multiple defects in Plaintiff's complaint and each of its claims for release. In his opposition papers, Plaintiff selectively responds to these attacks, effectively ignoring other legitimate bars to his claims for relief. Deutsche Bank's motion to dismiss should be granted as to these unopposed and abandoned claims.

**1.   Plaintiff Does Not Dispute His Lack of Standing.**

Federal courts address issues of standing to determine jurisdiction before reaching a decision on the merits. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 595 (9th Cir. 1980). A debtor may bring an adversary proceeding regarding an asset of the estate ***only if*** the trustee appointed to manage the bankruptcy estate abandoned the asset. 11 U.S.C. § 323(b); Fed. R. Bank. P. Rule 6009; *In re Eisen*, 31 F.3d 1447 (9th Cir. 1994); *In re Stoll*, 252 B.R. 492, 495 (9th Cir. BAP 2000); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) ("the trustee has sole authority to dispose of property, including managing litigation related to the estate."). Where the complaint reveals on its face that plaintiff lacks standing, the complaint is properly the subject of a Rule 12(b)(6) motion. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

Plaintiff does not dispute his lack of standing to bring the complaint. This is no mere coincidence. The merits of his alleged claims <u>depend on</u> him having an interest in the Property at the time he filed his petition. This, of course, makes the Property an asset of the bankruptcy estate. Plaintiff may maintain this action only if the Trustee abandoned the property. Plaintiff does not so allege. This is because the Chapter 7 Trustee has not abandoned the Property. *See* Docket, Case No. 10-44610. Because Plaintiff cannot cure this defect by amendment, he should not be granted leave to amend.

**2.   Plaintiff Does Not Dispute That His Declaratory Relief Claims Fail.**

Deutsche Bank's motion to dismiss raises defects in Plaintiff's complaint in that declaratory relief is not necessary or proper at this time because these issues are raised in other actions before the Court. (Motion to Dismiss, at 7:28-8:21.) Plaintiff does not dispute, and

therefore admits, that his declaratory relief claims are not properly before the court. The motion to dismiss should be granted as to the declaratory relief claims for this reason alone.

### 3. Plaintiff Does Not Dispute That His Libel Claim Fails.

Deutsche Bank's motion to dismiss points out that Plaintiff's libel claim is entirely deficient. (Motion to Dismiss, at 10:26-23.) Plaintiff does not dispute these fatal deficiencies and has effectively abandoned his libel claim. The motion to dismiss should be granted as to the libel claim for this separate reason.

### C. Plaintiff Admits He Has Not Tendered.

Plaintiff admits that he never tendered but claims that he was never under any obligation to do so.[1] Plaintiff argues that he should be relieved of the usual requirement of tender because the foreclosure sale is void.[2] (Opp. 5:1-10.) Plaintiff further claims that the deed of trust became void once he exercised his right to rescind the loan. (Opp. 4:13-19.)

Plaintiff's argument depends entirely on material outside of the complaint. Nowhere in the complaint does Plaintiff mention rescission; rather, he first mentions his attempted rescission in his opposition. As discussed above, *see* Section II, *supra*, the Court cannot consider this "new" fact in determining whether to grant this motion to dismiss. *Schneider*, 151 F.3d at 1197. Accordingly, Plaintiff lacks any factual support for his conclusory assertion that the foreclosure sale is "void." For this reason alone, Plaintiff should not be relieved of his obligation to tender.

Even if Plaintiff had properly alleged rescission in his complaint, he still would not be relieved of his obligation to tender. The general rule is that the borrower must have made a good faith, unconditional offer to pay the secured debt prior to the foreclosure sale as a precondition to filing an action to set aside a foreclosure sale. Cal. Civ. Code §§ 1487, 1493, 1494, 1495; *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-580 (1984) ("an action to set

---

[1] Plaintiff also appears to argue that Defendant "waived" and should be "estopped" from raising "the usual requirement of tender." (Opp. 4:20-27.) Plaintiff cites no legal authority in support of these arguments. Moreover, these arguments rely on improper extrinsic materials outside the complaint. Because these materials are not properly before the Court, these arguments will not be addressed here.

[2] Plaintiff also claims that his alleged rescission resulted in a pending dispute regarding his debt, which he argues relieved him of the tender requirement. It is not necessary to address the merits of such an argument because it is outside the complaint and is contradicted by the complaint and the judicially noticeable facts establishing that there was no pending dispute.

aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). Although an exception to this general rule exists where the foreclosure sale is void, as opposed to voidable, Plaintiff's own authority establishes that Plaintiff here may not rely on this limited exception:

> [W]here recitals of regularity **appear in the deed** and **no contrary recitals are made** have notice defects been found to make a deed **voidable**, rather than void. In such instances a trustor then bears the burden of showing that there are grounds for equitable relief from the deed, such as fraud or that the buyer was not a bona fide purchaser for value, and that there were also defects in notice.

*Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 877 (2000) (emphasis added) (citations omitted).

Here, Plaintiff's allegations would, at most, establish that the foreclosure sale is voidable. Deutsche Bank has submitted judicially noticeable official records that on their face establish that the foreclosure sale was procedurally proper. (Request for Judicial Notice ("RJN"), Exs. A, C, E-H.) These documents are distinguishable from the scenario in *Dimock* where the "deed showed that the recitals were not valid," and the plaintiff "could rely on the face of the record to show that the [deed] was void." *Dimock*, 81 Cal. App. 4th at 877-78. By contrast, the Placer County Superior Court previously considered **these exact same documents,** concluded they were proper, and that the foreclosure sale complied with California law. (RJN, Exh. I.) Plaintiff, therefore, is not relieved of his obligation to tender, and his failure to allege tender establishes that he cannot prevail on his quiet title claims—a defect that he cannot cure by amendment.

D.  **Plaintiff's Opposition Establishes That He Failed To Particularly Plead Fraud.**

Rule 9(b) requires that claims and allegations of fraud must be stated with particularity. *Desaigoudor v. Mayercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness."). At a minimum, this requirement forces the plaintiff to specifically plead: (1) the alleged fraudulent representation or omission, (2) the falsity of the representations when made, (3) the identity of the speaker, (4) when and where the statements were made, and (5) the manner in which the representations or omissions were misleading. *In re GlenFed, Inc. Secur. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994); *Ackerman v. Northwestern*

*Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (the plaintiff must allege the "who, what where, and when of the alleged fraud.") By definition, allegations that are vague or conclusory are insufficient to satisfy the particularity requirement. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Allegations that fail to be stated with particularity are disregarded, and the remaining allegations are evaluated to see if a valid claim has been stated. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

Against this heightened pleading standard, Plaintiff casually claims: "All defendants are accused of fraud by [Plaintiff] as every false purported conveyance of the trustee, the beneficial (sic) or the beneficial interest in Plaintiff's note and Deed of Trust was known by Defendants as it was being done."[3] (Opp. 6:20-25.) Further, the opposition asserts that the complaint generally alleges "fraud in the purported assignment of the deed of Trust and concealment in the predatory loan given to Plaintiff." (Opp. 6:12-13) This is exactly the type of vague and conclusory pleading that Rule 9(b) seeks to prevent. Where a plaintiff alleges multiple defendants participated in the alleged fraud, Rule 9(b) requires a plaintiff to "inform each defendant **separately** of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Plaintiff cannot avoid this pleading requirement by his misplaced reliance on principles of joint liability. (Opp. 7:7-20.) Macklin's complete failure to plead specific facts concerning *Deutsche Bank's* alleged fraud requires dismissal of the claim.

E.  **The TILA Statute Of Limitations Was Not Tolled.**

Plaintiff's complaint disclosed an affirmative defense, *e.g.*, Plaintiff failed to file his TILA and libel claims within the relevant limitations periods. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841 (7th Cir. 2008) (statute of limitations, although an affirmative defense, is properly the subject of a motion to dismiss where the face of the complaint discloses the defense). For the TILA claim, this limitations period is one year from the credit transaction at issue. 15 U.S.C. § 1640(e). Plaintiff's opposition claims that he should be relieved from strict compliance

---

[3] The complaint does not provide any further guidance. Complaint, ¶ 63 (Deutsche Bank and unnamed defendants "defrauded [Plaintiff] by purporting to have authority to assign [the deed of trust] that secured the promissory note in favor of the lender…to [Deutsche Bank].").

- 6 -

with TILA's one-year statute of limitations because the limitations period should have been tolled as a result of Deutsche Bank's alleged fraud. (Opp. 5:26-6:3.) Although TILA's limitations period may be tolled by a defendant's fraudulent concealment of the facts giving rise to a claim, tolling is not permitted where all of the evidence points to a finding that the claim began to accrue no later than the date of the credit transaction. *See Glover v. Doe Valley Development Corp.*, 408 F. Supp. 699 (W.D.Ky. 1975). Therefore, the underlying context of the claim is critical.

Plaintiff's "fraud" allegation allegedly supporting his tolling argument rests on a hopelessly defective cause of action. *See* section II.D, *supra*. Further, Plaintiff alleges that Deutsche Bank failed to provide Plaintiff with notice that it had been assigned the Deed of Trust for the Property in violation of 15 U.S.C. § 1641(g)(1). Plaintiff further alleges the assignment at issue was consummated November 30, 2009. (Complaint, ¶ 60.) Plaintiff, however, admits that the assignment was recorded in the Placer County Recorder's Office. (Complaint, ¶ 57.) The judicially noticeable documents further provide that Plaintiff should have known that the credit transaction at issue occurred or was soon to occur around this same time. (RJN, Ex. G ("Notice of Trustee's Sale").) Thus, the complaint's vague references to fraud do not—and in fact cannot—apply to the alleged TILA violation. Moreover, even if Plaintiff could somehow claim that his alleged fraud applied to his TILA claim, the claimed fraudulent concealment giving rise to a tolling of the limitations period must be pled with particularity. *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008). As set forth above, Plaintiff failed to specifically plead any concealment that would toll the relevant statute of limitations.

F.     **The *Salazar* Decision is Inapposite.**

Plaintiff improperly relies on the unpublished decision of the United States Bankruptcy Court for the Southern District of California, *In re Salazar*, Case No. 10-17456-MM13 (S.D. Cal. Br. April 11, 2011). The distinguishing event in *Salazar* was that at the time of foreclosure, there was no recorded assignment of the deed of trust conveying to US Bank an interest in the deed of trust. *Salazar* 2:1-5. That is not the case here. The foreclosure sale occurred on or about December 15, 2009 (RJN Ex. H). The corporate assignment of the deed of trust was recorded on November 30, 2009 (Supplemental RJN, Ex. A). The substituted trustee, Quality Loan Serving

- 7 -

Company, effected that assignment pursuant to the substitution of trustee recorded on November 25, 2009 (RJN, Ex. F).  California Civil Code § 2934a(d) provides:

> "…Once recorded, the substitution of trustee shall constitute **conclusive evidence** of the authority of the substituted trustee or his or her agents to act pursuant to this section." (emphasis added).

*Salazar* therefore does not apply.

### III.  OBJECTIONS

To support his opposition papers, Plaintiff impermissibly relies on novel legal arguments and voluminous extrinsic evidence outside the complaint.  On a motion to dismiss, a court may consider only the material that is in the complaint, attached to or incorporated in the complaint, or judicially noticed.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990).  A party cannot oppose a motion to dismiss by introducing facts that were not alleged in the initial complaint.  *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998).  Likewise, a court **cannot** consider such "new" facts in determining whether to grant a motion to dismiss.  *Id. Cf. Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001).

Here, Plaintiff relies on numerous novel legal arguments and voluminous extrinsic evidence to support his complaint's allegations.  The first of these novel arguments is Plaintiff's attempted rescission of his loan.  Plaintiff relies on this "new fact" throughout his opposition, despite his failure to reference it even once in his complaint.  For example, Plaintiff relies on his attempted rescission to support his arguments that he should be relieved of his obligation to tender (Opp. 3:25-4:27), that the relevant statutes of limitations should be tolled (Opp. 6:4-11), and that he is not in default on his loan such that Deutsche Bank lacks standing (Opp. 3:2-10).  Plaintiff also seeks to improperly introduce evidence to substantiate his claim that he attempted to rescind his loan.  (*See* Macklin Declaration, Ex. 7.)  To the extent any of Plaintiff's arguments in opposition to Deutsche Bank's motion to dismiss depend upon this improper argument and evidence, the Court should disregard such material before determining whether plaintiff has pled a plausible claim for relief.

Likewise, Plaintiff seeks to inject argument regarding another version of the allonge he claims to have received in a separate civil matter. Plaintiff weaves this "new fact" into his opposition no less than three times. (Opp. 2:10-12, 4:21-23, 6:26-27.) Plaintiff also seeks to improperly introduce documentary evidence of the two versions of the allonge. (*See* Macklin Declaration, Exs. 6 and 7.) To the extent any of Plaintiff's arguments in opposition to Deutsche Bank's motion to dismiss depend upon this improper argument and evidence, the Court should disregard such material before determining whether plaintiff has pled a plausible claim for relief.

In addition to the above arguments and extrinsic evidence, Plaintiff submits an additional four documents in support of his opposition. (Macklin Decl. Exs. 1-4) None of these documents were attached to Plaintiff's complaint. To the extent Plaintiff argues that these documents were incorporated into the Complaint, Plaintiff fails to establish personal knowledge sufficient to authenticate these documents. To the extent any of Plaintiff's opposition to Deutsche Bank's motion to dismiss depends upon improper extrinsic evidence, the Court should disregard such material before determining whether plaintiff has pled a plausible claim for relief.

### IV.     CONCLUSION

For the reasons set forth above, Deutsche Bank requests that the Court grant its motion to dismiss pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: May 5, 2011

CARR, McCLELLAN, INGERSOLL,
THOMPSON & HORN
Professional Law Corporation


By:      /s/ *Robert Bleicher*
         Robert A. Bleicher
         Attorneys for Defendant
         Deutsche Bank National Trust Company

29801-00001\iManage\3719939.1