

**HUGHES LAW CORPORATION**
Gregory J. Hughes #071288
Christopher D. Hughes #254864
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone (916) 774-7506
Facsimile (916) 791-1644
hughes@hugheslc.com

Attorneys for Thomas A. Aceituno

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JAMES L. MACKLIN,<br><br>                     Debtor. | Case No.: 10-44610-E-7 |
| JAMES L. MACKLIN,<br><br>                     Plaintiff,<br><br>v.<br><br>DEUTSHE BANK NATIONAL TRUST CO., AS INDENTURE TRUSTEE FOR THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED NOTES, et al.<br><br>                     Defendants. | Adv. Proc. No. 11-02024-E<br><br>**TRUSTEE'S STATUS CONFERENCE STATEMENT**<br><br>Date:    July 28, 2011<br>Time:   1:30 p.m.<br>Dept:   E (Courtroom 33) |

To the Honorable Ronald Sargis, U. S. Bankruptcy Judge:

      Thomas Aceituno, Chapter 7 Trustee ("Trustee "), by and through his attorney of record, hereby submits the following status conference statement.

      The Trustee has filed a motion to intervene as co-Plaintiff with the Debtor in the above-captioned adversary proceeding. That motion is scheduled for hearing on July 28, 2011 at 1:30 p.m. in this Court.

Defendants have not yet responded to the First Amended Complaint, filed herein by the Debtor on June 17, 2011.  By prior order of the Court, the Defendants' time for responding to the First Amended Complaint was extended to August 3, 2011.

Until (1) the Court rules on the motion to intervene; (2) the status of the Debtor as a party is determined; and (3) the complaint is finalized and an answer is filed, a discovery conference among the parties would be premature.  At this point, none of the named parties know who will be the actual parties litigating the case and the factual issues as to which discovery will be required.  For example, to the extent that the Defendants admit particular allegations in their answer to the First Amended Complaint (or subsequent amended complaint), no discovery will be necessary as to that allegation.  If, on the other hand, a particular allegation is denied, then discovery may be required to allow proof of that allegation.  At this point, it is impossible to know the issues or the discovery which will be necessary in order to resolve those issues.

On May 19, 2011, the Court issued a preliminary injunction against ouster of the Debtor from the property which is the subject of the within litigation, on condition that the Debtor pay $1500 per month as security.  It is the Trustee's intention to seek a modification of the injunction to revise the requirement of monthly payments, since under Fed.R.Bankr.P. 7065, trustees are not necessarily subject to the requirements of Fed.R.Civ.P. 65(c) (requiring security for a preliminary injunction).

Trustee suggests that the status conference be continued for approximately 60 to 90 days to allow for finalization of the pleadings.

Dated: July 20, 2011

HUGHES LAW CORPORATION

By: */s/Gregory J. Hughes*
Gregory J. Hughes, Attorney for
Trustee Thomas A. Aceituno

- 2