

**FILED**

bons

MAY 2 4 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | Case No. 10-44610-E-7 |
| JAMES L. MACKLIN, | |
|         Debtor. | |
| JAMES L. MACKLIN, | Adv. Pro. No. 11-2024 |
|         Plaintiff, | Docket Control No. DJH-2 |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST CO., | |
|         Defendant. | |

### MEMORANDUM OPINION AND DECISION

Plaintiff-Debtor, James L. Macklin ("Plaintiff"), moves the court for summary judgment or summary adjudication pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. Plaintiff asserts that there is no genuine issue as to any material fact and that judgment may be granted as a matter of law.

The dispute before the court in this Adversary Proceeding relates to a non-judicial foreclosure sale conducted in December 2009 and the rights and interests arising from that sale. In April

2006, Plaintiff borrowed $532,000.00 from Accredited Home Lenders, Inc. ("Lender") which was secured by a deed of trust ("Deed of Trust") to purchase real property commonly known as 10040 Wise Road, Auburn, California (the "Property"), for $532,000.00. The $532,000.00 Note dated April 14, 2006, and an undated allonge signed by a Scott T. Stevens, identified as an Assistant Secretary of Accredited Home Lenders, Inc., endorsing the Note to "Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes" ("Allonge") have been presented to the court.   Note, Defendant's Exhibit A, Dckt. 318 at 5; Allonge, *Id.* and Plaintiff's Exhibit C, Dckt. 308 at 12.[1]   Defendant Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes ("Defendant") asserts that it was the holder of the Note and pursuant to the Deed of Trust conducted a non-judicial foreclosure sale in December 2009 ("Trustee's Sale").   Plaintiff disputes that Defendant was the holder of the Note and that Defendant had the right to have a foreclosure sale conducted in December 2009. Further, Plaintiff contends that any foreclosure sale conducted by or at the directive of Defendant was defective and failed to transfer title from Plaintiff to Defendant.

Plaintiff alleges that the Defendant failed to comply with

---

[1]   Plaintiff also presents a second allonge, which is undated, does not name the payee to whom it is to be transferred, and is not signed, but merely has a squiggle in the shape of a handwritten printed "S" tilted 45 degrees to the left.

1 California Civil Code § 2932.5[2] because an Assignment of Deed of
2 Trust, bearing an effective date of November 17, 2009, was recorded
3 by Defendant November 30, 2009.    It is further asserted that a
4 substitution of trustee under the Deed of Trust, which contains an
5 effective date of August 9, 2009, was subsequently recorded on
6 November 25, 2009 (five days after recording the Substitution of
7 Trustee).    Pls.' Mem. 4:21-27, 5:1.    Plaintiff asserts that
8 executing and recording of the Substitution of the Trustee before
9 the Assignment of the Deed of Trust was effective and recorded,
10 renders the Substitution of Trustee and the subsequent non-judicial
11 foreclosure sale invalid.

12      Plaintiff's Memorandum of Points and Authorities argues that
13 even if § 2932.5 does not apply to the Deed of Trust and
14 Substitution of Trustee, the evidence does not show that Defendant
15 owned the Note (or had the right to enforce the Note) at the time
16 the trustee was substituted and the trustee's deed from the
17 foreclosure was recorded December 21, 2009.    The Trustee's Deed is
18 dated December 15, 2009, and states that the trustee's sale
19 occurred on December 14, 2009.    Pls.' Ex. D, Dckt. 308 at 15.

20      Plaintiff asserts that the allonges to the Note are undated
21 and do not evidence ownership of the Note or the ability to
22 exercise rights under the Note and Deed of Trust at the time of the
23 purported substitution of the trustee.    It is contended that this
24 renders the foreclosure and purported trustee's deed from the sale
25 void.

26 ///

27

28      [2] Unless otherwise stated, all reference to a code section, such
as § 2932.5, is to the California Civil Code.

3

1  **Defendant's Opposition**

2     Defendant argues that the court should deny Plaintiff's Motion
3  as to the wrongful foreclosure and quiet title claims because any
4  technical irregularities in the timing of the execution and
5  recordation of the foreclosure documents were immaterial, non-
6  prejudicial, and were cured prior to the Trustee's Sale.  Further,
7  Defendant asserts that none of the foreclosure documents at issue
8  in this case are facially defective and that the California Court
9  of Appeal in the unlawful detainer action between these parties
10 confirmed that the non-judicial foreclosure of Plaintiff's property
11 complied with California law.

12     Defendant cites to several decisions for the proposition that
13 questions regarding the timing of executed and recorded
14 substitutions of trustee and deed of trust assignments, issues
15 related to authority surrounding those transactions, and the
16 content of deeds of trust do not invalidate a non-judicial
17 foreclosure that meets the requirements of §§ 2924 to 2924k.
18 Defendant asserts that the Substitution of Trustee recorded on
19 November 25, 2009, was after the execution of the assignment of the
20 Deed of Trust to Defendant.  Further, Defendant states that both
21 the Substitution of Trustee and Assignment of Deed of Trust were
22 recorded before the trustee's sale conducted on December 14, 2009.
23 Defendant argues that once the Substitution of Trustee was
24 recorded, it is conclusive evidence of the authority of the
25 substitute trustee to act.  Defendant contends that there is a
26 permissible reasonable inference that the effective date of
27 transfer predated November 17, 2009, and thus, defeats Plaintiff's
28 Motion for Summary Judgment.

4

1        Defendant also argues that § 2932.5 does not apply to deeds of
2   trust.  Defendant asserts that even if the section does apply to
3   deeds of trust, the non-judicial foreclosure sale on Plaintiff's
4   residence was valid based on the Assignment of the Deed of Trust
5   being recorded prior to the December 14, 2009 non-judicial
6   foreclosure sale.

7        Additionally, Defendant argues that a post-foreclosure attack
8   on a substitution of trustee constitutes an attack on the
9   foreclosure sale, and thus subject to the "tender rule" and
10  "prejudice rule."  As Plaintiff failed to tender and was not
11  prejudiced by any purported irregularities in the foreclosure sale,
12  Defendant argues that the Motion should be denied.  Defendant
13  states that because Plaintiff failed to tender the indebtedness,
14  his quiet title cause of action fails.

15       Lastly, Defendant requests that the court enter judgment in
16  its favor and against Plaintiff.  Defendant argues a court may *sua*
17  *sponte* grant summary judgment against the moving party where there
18  is no genuine issue of material fact, even though no cross-motion
19  has been filed.  Defendant asserts there is no dispute as to the
20  material facts and judgment may be made as a matter of law in its
21  favor.

22  **Plaintiff's Reply**

23       Plaintiff replies, asserting no material facts exist disputing
24  that 1) the sale process was defective and void and 2) Defendant
25  willfully and knowingly dispossessed Plaintiff of his property
26  based upon a void foreclosure sale.  Plaintiff contends that
27  Defendant fails to provide sufficiently probative facts leading to
28  the reasonable inference that it was the holder of Plaintiff's Note

5

1  when directing the Substitution of Trustee.

2      Plaintiff argues that through the Internal Revenue Code, the
3  Uniform Commercial Code, and California law, it is "clear" that
4  there is no evidence to show ownership before Defendant directed
5  the execution of the Substitution of Trustee. Plaintiff cites *In re*
6  *Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010) to support his argument.
7  Furthermore, Plaintiff argues that the allonges provided by
8  Defendant are devoid of times, dates or authority of the party
9  executing these endorsements and that Defendant has failed to show
10 ownership of the Note when it directed the execution of the
11 Substitution of Trustee.

12                          **JURISDICTION**

13     Jurisdiction for this Adversary Proceeding exists pursuant to
14 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases
15 and all related matters to the bankruptcy judges in this District.
16 E.D. Cal. Gen. Order 182, 223.   This Adversary Proceeding is a
17 related to matter, for which the Plaintiff and Defendant have
18 requested relief from this Bankruptcy Court in the present Motion
19 for Summary Judgment.   The Second Amended Complaint alleges that
20 this is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B)
21 and (b)(2)(K), and additionally Plaintiff consents to the entry of
22 all orders and judgments by the bankruptcy court.   Second Amended
23 Complaint ¶ 2.   In its Opposition and Request for Entry of Summary
24 Judgment, Defendant requests that this bankruptcy court enter
25 judgment in favor of Defendant.   Opposition Pg. 19:3-11.   The
26 parties have consented to the entry of final orders and judgment by
27 the bankruptcy judge.

28 ///

**ADVERSARY PROCEEDING AND PLAINTIFF'S BANKRUPTCY CASE BACKGROUND**

Plaintiff commenced his Chapter 13 bankruptcy case on September 16, 2010. The bankruptcy case was subsequently converted to a one under Chapter 7. Defendant thereafter sought relief from the automatic stay (11 U.S.C. § 362(a)) to enforce its rights and interests in the Property. After two hearings and permitting Plaintiff to offer supplemental arguments and evidence in opposition, the court granted relief from the automatic stay by an order entered on February 4, 2011. The 14-day stay of enforcement provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) expired on Friday, February 18, 2011.

Plaintiff filed this adversary proceeding on January 13, 2011. The initial complaint sought (1) to determine the nature, extent, and validity of any lien held by Defendant, (2) to determine that the underlying note has been satisfied or converted to unsecured debt, (3) damages for Defendant's purported violation of the Truth-in-Lending Act by failing to notify Plaintiff that it obtained an interest in the mortgage loan, (4) a declaration that the assignments of the trust deeds were a fraudulent conveyance, (5) damages for libel, and (6) to quiet title to the Property. Plaintiff prayed for $1 million in general damages, $750,000.00 special damages, punitive damages, attorneys' fees and costs, an order quieting title in the property in his favor, and other just relief. On April 7, 2011, Defendant filed a Motion to Dismiss. Dckt. 71. The court granted the Motion to Dismiss by order entered on May 20, 2011, with leave to amend. Dckt. 97.

Plaintiff then filed the First Amended Complaint ("FAC") on June 17, 2011. Dckt. 120. The FAC asserted ten causes of action:

(1) Violations of the Truth-in-Lending Act; (2) Violations of the Real Estate Settlement Procedures Act; (3) Violation of the Fair Credit Report Act; (4) Fraud; (5) Unjust Enrichment; (6) Violation of Racketeer Influenced and Corrupt Organizations Act; (7) Violation of California Business & Professions Code § 17200; (8) Breach of Trust Instrument; (9) Wrongful Foreclosure; and (10) Quiet Title. The court granted Defendant's Motion to Dismiss on the first eight causes of action, leaving only the Wrongful Foreclosure and Quiet Title causes of action, which are the subject of this motion. Dckt. 222.

**Ruling on Motion to Dismiss First Amended Complaint**

The court has previously addressed various claims and issues asserted in the First Amended Complaint concerning alleged defects in the securitized loan portfolio industry, claims asserting defects in Defendant's claim of ownership arising under tax and partnership laws, and asserted satisfaction of the Note by persons purchasing certificates in the trust which is identified as the entity owning the Note at the time of the foreclosure. The detailed analysis and each basis for dismissing each of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are provided in this court's Memorandum Opinion and Decision on Motion to Dismiss Adversary Proceeding (Docket Control No. RAB-4), filed on February 16, 2012. Dckt. 221.

The court addressed various contentions that the Defendant did not have a Note and Deed of Trust to enforce. Memorandum Decision and Opinion on the Preliminary Injunction, Dckt. 98. The court also addressed in the same opinion Plaintiff's contentions concerning the transfer of the Note to Defendant, noting that at

1  the hearing Plaintiff did not provide a basis for the court to
2  question whether the copy of the Note and Allonge provided by
3  Defendant was not an accurate copy of the original documents. *Id.*;
4  Fed. R. Evid. 1003. As before, Defendant stands before this court
5  holding a Note and the undated Allonge transferring the Note to
6  Defendant.   The Parties continue to focus on the Note, Allonge,
7  and documents recorded with Placer County, offering little other
8  evidence in the form of declarations or discovery concerning the
9  Note and Allonge.   As previously addressed by the court, the
10 execution or recording of the Assignment of the Deed of Trust[3] to
11 the Defendant does not dictate when Defendant acquired the Note or
12 whether it was entitled to enforce the Note and the Deed of Trust
13 as of the November 2009 substitution of trustee and December 2009
14 non-judicial foreclosure sale.[4]

16 [3] An assignment of a deed of trust executed by "Mortgage
   Electronic Registration Systems, Inc., as Nominee for Accredited Home
17 Lenders, Inc." assigning the Deed of Trust to Defendant, dated
   November 17, 2009, and with an illegible date for the notary's
18 certification ("Assignment of Deed of Trust") has been presented by
   the parties.  Def.'s Ex. I, Dckt. 318 at 64; Pl.'s Ex. B, Dckt. 308 at
19 8.   The Assignment of the Deed of Trust was recorded on November 30,
   2009.

20
21 [4] A "Person entitled to enforce" an instrument means: (a) the
   holder of the instrument, (b) a non-holder in possession of the
   instrument who has the rights of a holder, or (c) a person not in
22 possession of the instrument who is entitled to enforce the instrument
   pursuant to 3309 or 3418(d).  Cal. Com. Code § 3301 (2010); *In re Lee*,
23 408 B.R. 893 (Bankr. C.D. Cal. 2009), *In re Vargas*, 396 B.R. 511
   (Bankr. C.D. Cal. 2008).

24
   A holder of a note can enforce that note, even if it is in
25 wrongful possession of the note (i.e., they found or stole the note),
   when that note has been endorsed in blank or to bearer. Cal. Com. Code
26 §§ 3205(b), 3301.  Also, a person may be a holder of a note (and so
   have standing to do things like bringing a relief from stay motion)
27 even if that person already sold the loan to someone else.   *In re*
   *Hwang,* 438 B.R. 661 (C.D. Cal. 2010); Cal. Com. Code § 1201(b)(21).

28
   In 2011, the Ninth Circuit Court of Appeals addressed this note-

9

The court did not dismiss the Ninth Cause of Action alleging wrongful foreclosure and the Tenth Cause of Action to Quiet Title (based on the alleged wrongful foreclosure). The court allowed the Plaintiff to preserve this Ninth Cause of Action based on the provisions of § 2932.5 providing that a mortgagee with a power of sale is allowed to exercise that power only after recording an assignment of the mortgage. The court interpreted this Ninth Cause of Action as one in which Plaintiff asserts that the Defendant has not exercised its rights consistent with the contractual and statutory obligations relating to the Deed of Trust.

## EVIDENCE PRESENTED FOR THE SUMMARY JUDGMENT MOTION

Various documents and two declarations have been presented to the court for this Motion for Summary Judgment. Pursuant to the court's June 4, 2012 Scheduling Order, non-expert witness discovery closed on October 15, 2012, and expert witness discovery closed on January 31, 2013. From the January 13, 2011 commencement of this Adversary Proceeding, the Parties were able to conduct discovery over a 24-month period. After allowing for such extensive

---

deed of trust issue in *Cervantes v. Countrywide Home Loans, Inc. et. al.*, 656 F.3d 1034 (9th Cir. 2011). The court addressed the general proposition that notes and deeds of trust remain together as a matter of law, with it being the right of the note owner to exercise the power under the deed of trust.

It is well-established law in California that a deed of trust does not have an identity separate and apart from the note it secures. "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. 271, 274 (1872); *accord Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170 (1932); Cal. Civ. Code § 2936. Therefore, if one party receives the note and another receives the deed of trust, the holder of the note prevails regardless of the order in which the interests were transferred. *Adler v. Sargent*, 109 Cal. 42, 49-50 (Cal. 1895).

1  discovery, the court believes that the Parties have presented the
2  best evidence they have on the issues in this dispositive motion
3  now before the court.

| Document | |
|---|---|
| **Substitution of Trustee**<br><br>Plaintiff Exhibit A, Dckt. 308 at 4-6. | Date Executed: August 21, 2009 |
| | Date Notarized: August 21, 2009 |
| | Date Recorded: November 25, 2009 |
| | Substitute Trustee: Quality Loan Service |
| | Person Executing Substitution: Wayne Hessler, as the Duly Appointed Officer for "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes by Select Portfolio.Servicing, Inc as Attorney in Fact." |
| | Identified Beneficiary: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes." |

| | |
|---|---|
| **Corporate Assignment of Deed of Trust**<br><br>Plaintiff Exhibit B, Dckt. 308 at 8-9.<br><br>Defendant's Exhibit H, Dckt. 318 at 64-65 | Dated: November 17, 2009. |
| | Date Notarized: November [illegible]7, 2[illegible].<br>Certificate of Illegibility attached dated November 20, 2009. |
| | Date Recorded: November 30, 2009. |
| | Assignor of Deed of Trust: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc." |
| | Assignee of Deed of Trust: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes." |

| | |
|---|---|
| **Allonges to Note**<br><br>Plaintiff Exhibit C, Dckt. 308 at 11-13. | Date of First Allonge Exhibit, Pg. 11: Undated |
| | Identified Mortgagee: James Lee Macklin |
| | Loan No. xxxxxx7230<br>Address: 10040 Wise Road, Auburn, California |
| | Pay to the Order of: "[illegible]" |
| | Person Signing: "[no signature]" for person identified as "Assistant Secretary, Accredited Home Lenders, Inc." |
| | Date of Second Allonge Exhibit, Pgs. 12-13: Undated |
| | Identified Mortgagee: James Lee Macklin |

|  | Loan No. xxxxxx7320<br>Address: 10040 Wise Road, Auburn, California |
|  | Pay to the Order of: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes." |
|  | Person Signing: Scott T. Stevens, "Assistant Secretary, Accredited Home Lenders, Inc." |
|  |  |
| **Promissory Note**<br><br>Defendant's Exhibit A, Dckt. 318 at 5-10. | Parties to Note<br>   Lender: Accredited Home Lenders, Inc.<br>   Promisor to Pay on Note: James Len Macklin<br>   Secured Note: Deed of Trust, of same date as note, given to secure obligation under Note. |
|  | Date of Note: April 14, 2006 |
|  | Allonge to Note Included as Part of Exhibit A<br><br>  Undated<br><br>  Identified Mortgagee: James Lee Macklin<br><br>  Loan No. xxxxxx7320<br>  Address: 10040 Wise Road, Auburn, California<br><br>   Pay to the Order of: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes."<br><br>   Person Signing: Scott T. Stevens, "Assistant Secretary, Accredited Home Lenders, Inc."<br><br>Same document as Allonge presented a Plaintiff's Exhibit C, at pgs. 12-13. |
|  |  |
| **Deed of Trust**<br><br>Defendant's Exhibit C, Dckt. 318 at 26-42. | Date of Deed of Trust: April 14, 2006 |
|  | Date Notarized: April 19, 2006 |
|  | Date Recorded: April 28, 2006 |
|  | Borrower/Trustor: James Len Macklin |
|  | Lender/Payee: Accredited Home Lenders, Inc. |
|  | Beneficiary: Mortgage Electronic Registration Systems, Inc. as the "nominee for Lender and Lender's successors and assigns." |
|  | Trustee: Financial Title Company |

| | Obligation Secured: Note in the amount of $532,000.00 by James Len Macklin to Accredited Home Lenders, Inc. and related obligations. |
|---|---|
| | Description of Real Property Securing Note: 10040 Wise Road, Auburn, California, Legal Description attached to Deed of Trust, and APN 040-040-046. |

| **Deposition Transcript** | Excerpts of Testimony |
|---|---|
| October 15, 2012 Deposition of Plaintiff<br><br>Defendant's Exhibit B, Dckt. 318 at 12-24. | Last payment made by Plaintiff on Note secured by Deed of Trust was in September or October 2008. Plaintiff believed that the "loan itself was invalid." |
| | Plaintiff believes that the Note was false. |
| | No payments were made after the Notice of Default was given. |
| | Plaintiff states that he could have made the payments. |

| **Substitution of Trustee** | Dated: January 1, 2008 |
|---|---|
| Defendant's Exhibit E, Dckt. 318 at 48-50 | Date Notarized: March 4, 2009 |
| | Date Recorded: March 10, 2009 |
| | Executed by: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc.," by Joseph Sanfilippo. |
| | Substitute Trustee: Windsor Management Co. |
| | Identified Beneficiary: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc.," |

| **Notice of Default** | Dated: December 4, 2008 |
|---|---|
| Defendant's Exhibit D, Dckt. 318 at 44-46 | Recorded: December 8, 2008 |
| | Signed by: "Windsor Management Co., as Agent for Beneficiary, By: LSI Title Company, by Cathy Garcia." |
| | Beneficiary: |
| | To Determine Amount to be Paid, Arrange Payment to Stop Foreclosure, or Concerning the Foreclosure, Contact: "Accredited Home Lenders, Inc., C/O Windsor Management Co." |

| Notice of Trustee's Sale | Dated: March 9, 2009 |
|---|---|
| Defendant's Exhibit F, Dckt. 318 at 52-53 | Recorded: March 10, 2009 |
| | Date of Sale: March 30, 2009 |

13

| | |
|---|---|
| | Signed by: Windsor Management Co., by Cindi Steward. |
| | Identified Deed of Trust: Recorded April 28, 2006, James Len Macklin Trustor, Instrument No. 2006-0046431 APN 040-040-046-000 |
| | Property Address: 1004 Wise Road, Auburn, California. |
| | Unpaid Balance and Charges: $561,690.43 |

| | |
|---|---|
| **Substitution of Trustee**<br><br>Defendant's Exhibit G, Dckt. 318 at 55 | Dated: August 21, 2009 |
| | Notarized: August 21, 2009 |
| | Recorded: November 25, 2009 |
| | Executed by: Wayne Hessler, as the Duly Appointed Officer for "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes by Select Portfolio Servicing, Inc as Attorney in Fact." |
| | Substitute Trustee: Quality Loan Service |
| | Identified Beneficiary: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes." |

| | |
|---|---|
| **Notice of Trustee's Sale**<br><br>Defendant's Exhibit G, Dckt. 318 at 60-62 | Dated: November 11, 2009 |
| | Recorded: November 25, 2009 |
| | Date of Sale: December 14, 2009 |
| | Signed by: "Quality Loan Service Corp., by Lee Paschen, Authorized Agent." |
| | Identified Deed of Trust: Recorded April 28, 2006, James Len Macklin Trustor, Instrument No. 2006-0046431 APN 040-040-046-000 |
| | Property Address: 1004 Wise Road, Auburn, California. |
| | Unpaid Balance and Charges: $577,103.98 |

| | |
|---|---|
| **Trustee's Deed Upon Sale**<br><br>Plaintiff's Exhibit D, Dckt. 308 at 15-16<br><br>Defendant's Exhibit I, Dckt. 318 at 67-68 | Dated: December 15, 2009 |
| | Date Notarized: December 17, 2009 |
| | Date Recorded: December 21, 2009 |
| | Trustee Executing Deed: Quality Loan Service Corporation, by "Karla Sanchez, Assistant Secretary." |

14

1
2
3

| | Grantee: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes," identified as the beneficiary under the deed of trust. |
|---|---|
| | Identified Deed of Trust For Sale: Executed by James Len Macklin Dated April 14, 2006 Recorded April 28, 2006 |

4
5
6
7

The Plaintiff has provided his declaration, Dckt. 308,

8

testifying in relevant part to the following in connection with

9

this Motion for Summary Judgment:

10    A.  "At the time of recording the instrument (Substitution of
11        Trustee, Plaintiff's Exhibit A), DEUTSCHE BANK NATIONAL
          TRUST CO., AS INDENTURED TRUSTEE FOR THE ACCREDITED
12        MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED NOTES...did not
          have any record of assignment on the public record or any
13        documented interest." Declaration ¶ 4.

14

The attorney for Defendant, J. Craig Crawford, provides his

15

Declaration, Dckt. 315, testifying in relevant part to the

16

following in connection with this Motion for Summary Judgment:

17    A.  "I personally appeared at the hearing on the
18        [Plaintiff's] Motion for Preliminary [In]Junction in this
          Court on March 17, 2011. At the hearing, I produced an
19        original copy of the Note and affixed Allonge singed by
          [Plaintiff]. A true and correct copy of this Note and
20        Allonge is attached as **Exhibit A** to the Exhibits in
          Opposition to Summary Judgment. Declaration ¶ 2
21        (Emphasis in Original.)

22    B.  Mr. Crawford authenticates the Deposition Transcript
          filed as Exhibit B by Defendant.

23

Plaintiff has framed the undisputed facts for this Motion to

24

be the following:

25    A.  "On August 8, 2009, [Defendant] directed the execution of
26        a 'Substitution of Trustee.' The instrument was recorded
          on November 25, 2009." Basis for undisputed fact,
27        Declaration of James Macklin ¶ 2 and Exhibit A.

28    B.  "On November 17, 2009, [Defendant] directed the execution
          of an 'Assignment of Deed of Trust. This instrument was

15

1           recorded on November 30, 2009."   Basis for undisputed
            fact, Declaration of James Macklin ¶ 3 and Exhibit B.
2

3    C.     "[Defendant] has no interest in the Note and deed of
            trust by assignment at the recording of the Substitution
            of Trustee."   Basis for undisputed fact, Declaration of
4           James Macklin ¶ 4 and Exhibits A and B.

5    D.     "[Defendant] has produced two separate and undated
            allonges with no evidence as to date of transfer."  Basis
6           for undisputed fact, Declaration of James Macklin ¶ 5 and
            Exhibit C.
7

8    E.     "On December 21, 2009, [Defendant] caused to be recorded
            a Trustee's Deed Upon Sale."  Basis for undisputed fact,
            Declaration of James Macklin ¶ 6 and Exhibit D.
9

10   F.     "On December 12, 2011, [Defendant] willfully dispossessed
            Plaintiff of his Property to which he had lawful
            possession and right to title."  Basis for undisputed
11          fact, Declaration of James Macklin ¶ 2.

12   Plaintiff's Statement of Undisputed Facts, Dckt. 309.

13        At this juncture the court notes that many of the "undisputed

14   facts" asserted by Plaintiff are actually his own personal

15   conclusions of law based upon his review of the undisputed evidence

16   presented by the Parties.  Plaintiff's reading of the Assignment of

17   the Deed of Trust and Substitution of Trustee, results in his legal

18   determination that Defendant had no interest in the Note.

19   Plaintiff shows no basis for having any personal knowledge of what

20   Defendant did or did not do with respect to the Note, Allonge,

21   Assignment of Deed of Trust, and Substitution of Trustee, but only

22   draws conclusions in his declaration from the undisputed documents.

23                          **SUMMARY JUDGMENT STANDARD**

24        In an adversary proceeding, summary judgment is proper when

25   "the movant shows that there is no genuine dispute as to any

26   material fact and the movant is entitled to judgment as a matter of

27   law."  Fed. R. Civ. P. 56(a), *incorporated by* Fed. R. Bankr. P.

28   7056.  The key inquiry in a motion for summary judgment is whether

                                    16

a genuine issue of material fact remains for trial. Fed. R. Civ. P. 56(c), *incorporated by* Fed. R. Bankr. P. 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.11[1][b] (3d ed. 2000).

"[A dispute] is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute [over a fact] is 'material' only if it could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment bears the burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To support the assertion that a fact cannot be genuinely disputed, the moving party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A), *incorporated by* Fed. R. Bankr. P. 7056.

In response to a properly submitted motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine dispute for trial. *Barboza*, 545 F.3d at 707 (*citing Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002)). The nonmoving party cannot rely merely on allegations or denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery materials, to show that a dispute exists. *Id.* (*citing*

1    *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991)). The
2    nonmoving party "must do more than simply show that there is some
3    metaphysical doubt as to the material facts." *Matsushita Electric*
4    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

5        In ruling on a summary judgment motion, the court must view
6    all of the evidence in the light most favorable to the nonmoving
7    party. *Barboza*, 545 F.3d at 707 (*citing County of Tuolumne v.*
8    *Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001)).
9    The court "generally cannot grant summary judgment based on its
10   assessment of the credibility of the evidence presented." *Agosto v.*
11   *INS*, 436 U.S. 748, 756 (1978). "[A]t the summary judgment stage[,]
12   the judge's function is not himself to weigh the evidence and
13   determine the truth of the matter[,] but to determine whether there
14   is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

15   **PLAINTIFF HAS NOT ESTABLISHED HIS RIGHT TO SUMMARY JUDGMENT**

16       The court has before it requests for summary judgment asserted
17   by both the Plaintiff and Defendant. Neither provides conflicting
18   evidence with respect to a material fact. Rather, both sides argue
19   what conclusions of law should be made from this undisputed
20   universe of evidence presented to the court. The court begins with
21   Plaintiff's request for summary judgment.

22       As articulated at the hearing on this Motion for Summary
23   Judgment, Plaintiff contends that the evidence is insufficient to
24   show that Defendant was assigned, and had the right to enforce, the
25   Note when it substituted the trustee under the Deed of Trust and
26   that the substitute trustee conducted a wrongful non-judicial
27   foreclosure sale in December 2009. The Plaintiff does not provide
28   responses to requests for admissions or interrogatories, or a

1  transcript of a deposition where the representative of Defendant
2  was questioned on this point.

3  **California Civil Code § 2932.5**

4      Plaintiff asserts that the foreclosure sale was improper and
5  that Defendant has failed to comply with California law governing
6  the procedure for a non-judicial foreclosure sale.  The main issue
7  Plaintiff brings before the court is whether Defendant properly
8  foreclosed pursuant to the California Civil Code – focusing on how
9  Defendant substituted the trustee and how the substitute trustee
10 noticed the sale which was conducted in December 2009.    The
11 Substitution of Trustee is dated August 21, 2009 and recorded on
12 November 25, 2009.  The Corporate Assignment of the Deed of Trust
13 is dated November 17, 2009 and recorded November 30, 2009.

14      Pursuant to § 2932.5, where a power of sale for real property
15 is given to a mortgagee or other encumbrancer to secure an
16 obligation, such power of sale may be exercised by the assignee who
17 is entitled to receive payment of the obligation "if the assignment
18 is duly acknowledged and recorded."  If the assignment has not been
19 recorded, then the power cannot be exercised.  Here, the execution
20 and recording of the Substitution of Trustee and Assignment of Deed
21 of Trust is out of the chronological sequence provided in § 2932.5,
22 if the court first finds this section is applicable to deeds of
23 trust.

24      The majority of courts addressing this issue have held that
25 the recording requirements in § 2932.5 apply only to mortgages and
26 not to deeds of trust. *In re Marks*, 2012 Bankr. LEXIS 5788 (B.A.P.
27 9th Cir. 2012); *see also Calvo v. HSBC Bank USA, N.A.*, 199 Cal.
28 App. 4th 118, 130 Cal. Rptr. 3d 815, 819 (Cal. Ct. App. 2011), rev.

1   denied (Cal. Jan. 4, 2012)("The rule that section 2932.5 does not
2   apply to deeds of trust is part of the law of real property in
3   California."); *In re Salazar*, 470 B.R. 557, 560 (S.D. Cal.
4   2012)("the Court finds that § 2932.5 does not apply to deeds of
5   trust."); *Lindsay v. America's Wholesale Lender*, 2012 U.S. Dist.
6   LEXIS 4071, 2012 WL 83475, at *2 (C.D. Cal. Jan. 10, 2012)("Section
7   2932.5 'does not require the recordation of an assignment of
8   beneficial interest for a deed of trust, as opposed to a
9   mortgage.'"); *Yau v. Deutsche Bank Nat'l Trust Co. Americas*, 2011
10  U.S. Dist. LEXIS 138584, 2011 WL 5402393, at *9 (C.D. Cal. Nov. 8,
11  2011)("[Section 2932.5] does not apply where the power of sale is
12  set forth in a deed of trust. Section 2932.5 applies only to
13  mortgages that give a power of sale to the creditor, not to deeds
14  of trust which grant a power of sale to the trustee.") The Ninth
15  Circuit has very recently held similarly in an unpublished
16  decision, concluding that the California Supreme Court would find
17  no convincing evidence that the § 2932.5 applies to deeds of trust.
18  *Caballero v. Bank of Am.*, 468 Fed. Appx. 709, 710 (9th Cir.
19  Dec. 14, 2012).

20       This court had concerns regarding these recent decisions in
21  light of the long standing California Supreme Court ruling in *Bank
22  of Italy Nat. Trust & Sav. Assn. v. Bentley*, 217 Cal. 644 (Cal.
23  1933). In *Bank of Italy*, the California Supreme Court discusses
24  that California adopted a lien theory of mortgages and a title
25  theory for deeds of trust. This has led to two lines of legal
26  theory from the California Supreme Court for obligations secured by
27  real property. One line of cases emphasizes the differences, with
28  a transfer of title to the real property to the trustee; *Bateman v.*

1 *Burr*, 57 Cal. 480, 482 (Cal. 1881), and the other recognizes that
2 the deed of trust creates a lien with a power of sale,
3 substantially similar to a mortgage with a power of sale,
4 *Sacramento Bank v. Alcorn*, 121 Cal. 379, 383 (Cal. 1898). The
5 California Supreme Court states that deeds of trust, except for the
6 passage of title for the purpose of the trust, are practically and
7 substantially only mortgages with a power of sale. *Bank of Italy*,
8 217 Cal. at 657. A deed of trust has been treated as an
9 "encumbrance" on the real property, with the beneficiary being
10 given protection from owner liability for a materialman's lien.
11 *Hollywood Lumber Co. v. Love*, 155 Cal. 270 (Cal. 1909).

12     In distinguishing *Bank of Italy*, the California District Court
13 of Appeal in *Calvo* identified three basic points. First, the court
14 stated that California Supreme Court in *Bank of Italy* did not
15 consider § 2932.5 or its predecessor statute. *Calvo v. HSBC Bank*
16 *USA, N.A.*, 199 Cal. App. 4th at 123. Second, the court stated that
17 *Bank of Italy* did not hold that a mortgage with a power of sale is
18 the same as a deed of trust, but that it recognized the distinction
19 between a mortgage (which creates only a lien) and a deed of trust
20 (which passes title to the trustee). *Id.* Lastly, the court focused
21 on the specific issue in *Bank of Italy*, whether in California it is
22 permissible to sue on a promissory note secured by a deed of trust
23 without first exhausting the security or showing that it is
24 valueless (not at issue in the present Adversary Proceeding). *Id.*
25 at 124. The District Court of Appeal concluded that nothing in the
26 holding or analysis of the California Supreme Court's opinion in
27 *Bank of Italy* supports that § 2932.5 applies to a deed of trust.
28 *Id.*

1    This court now turns to interpret § 2932.5 and its
2  application, if any, to the present motion.

3  **Construction and Application of Civil Code § 2932.5**

4    In interpreting state law, a federal court is bound by the
5  decisions of the highest state court, and in the absence of such a
6  decision, a federal court must predict how the highest state court
7  would decide the issue using intermediate appellate court
8  decisions, decisions from other jurisdictions, statutes and
9  treatises. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F. 3d
10  958, 960 (9th Cir. 2001). The California Supreme Court has not
11  addressed the application of § 2932.5 to deeds of trust.

12    Under settled canons of statutory construction, in construing
13  a statute the California Supreme Court ascertains the usual and
14  ordinary meaning of the words. *Kimmel v. Goland,* 51 Cal. 3d 202,
15  208 (Cal. 1990). The statute's plain meaning controls the court's
16  interpretation unless the words are ambiguous. *Green v. State of*
17  *California*, 42 Cal. 4th 254, 260 (Cal. 2007). When more than one
18  statutory construction is arguably possible, the California Supreme
19  Court selects the construction that comports most closely with the
20  apparent legislative intent, with a view to promote rather than
21  defeat the statutes' purpose. *Imperial Merchant Services, Inc. v.*
22  *Hunt*, 47 Cal. 4th 381, 388 (Cal. 2009).

23    From the "plain language" of the statute, § 2932.5 applies to
24  a mortgagee, or other encumbrancer, who has been given a power of
25  sale. It does not identify a beneficiary or trustee under a deed
26  of trust. In considering what is mean by "mortgagee or other
27  encumbrancer" holding a power of sale, the court first considers
28  the distinction between a "mortgage" and a "deed of trust." For a

deed of trust, title is vested in the trustee, who has a power to sell the property upon the event of specified contractual defaults. This allows for the sale of the collateral without judicial intervention.

**Use of Terminology by the California Legislature**

The California Legislature ("Legislature") uses the phrases "mortgage," "mortgage with a power of sale," and "deed of trust" to reference three separate legal borrower-lender relationships. The Plaintiff directs the court to consider § 2924, arguing that strict compliance with that provision is required. It is asserted that Defendant has not complied with § 2929 in the exercise of the rights and powers under the Deed of Trust. Reply, Dckt. 320. This Civil Code section provides that "Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage [except for personal property security interests]." Cal. Civ. Code § 2924(a).

The California Legislature continues in the same paragraph of § 2924(a) to state the conditions by which a power of sale conferred upon a mortgagee, trustee, or any other person may be exercised without the necessity of judicial intervention. The Legislature specifies the requirements for a notice of default and exercising a power of sale. In § 2924(a) the terms "mortgage" and "deed of trust" are both expressly used by the Legislature.

However, in § 2924(b) the Legislature creates an exception from certain liabilities only for a *trustee* who commits a good faith error in exercising the power of sale if the error was based on information provided by the beneficiary under the deed of trust. This is the only exception made for a trustee under a deed of trust

23

1 │ from the other powers of sale, with no other distinctions made
2 │ between a mortgage and deed of trust in § 2924.

3 │     The Legislature in § 2920(a) defines a mortgage as a contract
4 │ by which real property is hypothecated for performance of an act
5 │ (without any distinction made to mortgage, mortgage with power of
6 │ sale, or deed of trust).   The term "mortgage" is defined in
7 │ § 2920(a) to be "[a] contract by which specific property, including
8 │ an estate for years in real property, is hypothecated for the
9 │ performance of an act, without the necessity of a change of
10 │ possession."   In paragraph (b) of § 2920, the Legislature provides
11 │ that for purposes of §§ 2924 through 2924h, a "mortgage" also means
12 │ "any security device or instrument, *other than a deed of trust*,
13 │ that confers a power of sale affecting real property or an estate
14 │ for years therein, to be exercised after breach of the obligation
15 │ so secured, including a real property sales contract, as defined in
16 │ § 2985, which contains such a provision." (Emphasis added).   Though
17 │ broadening the definition of mortgage, the Legislature expressly
18 │ excludes deeds of trust from being included in the definition of a
19 │ mortgage.

20 │     In reviewing the Civil Code sections relating to mortgages and
21 │ deeds of trust, this court has identified the following terminology
22 │ uses by the Legislature:

23 │     A.   The terms mortgagee, trustee, beneficiary, and authorized
     │          agent, are each (in some statutes the terms beneficiary
24 │          and authorized agent are not used) used in §§ 2923(a),
     │          2923.5(a),   2923.55(a),   2923.6(c),   2924.3,   2924.7,
25 │          2924.11, 2924.12, 2924.18, 2924(b), 2924c, 2924d, 2924e,
     │          2924f, 2924g, and 2941.7.
26 │
     │     B.   The terms mortgage and deed of trust are both used
27 │          in §§ 2924.1, 2924.3, 2924.5, 2924.6, 2924.7,2924.15,
     │          2924b, 2924c, 2924d, 2924e, 2924f, 2924g, 2924h, 2924i,
28 │          2932.6, 2934, 2935, and 2941.7.

24

C.  The terms trustee's deed, deed of trust, and trustee, including subsets of the three terms, (and not the term mortgage) are only used in §§ 2924.19 (liability arising from a trustee's deed), 2924a, 2924j, 2924k, and 29241.

D.  The Legislature provides in § 2932 that a power of sale may be conferred by a mortgage. In § 2932.5, the provision at issue in this Motion, the Legislature specifies how that power of sale may be exercised by the assignee.  The next provision, § 2933, addresses execution of a mortgage through the use of a power of attorney. The term deed of trust and trustee are not used in any of these sections.

E.  The terms "deed of trust" and "trustee" are used in § 2934a (substitution of trustee) and § 2934k ( vacation of office by trustee), with one reference to a "trustee under the mortgage."  (No other reference to "trustee under the mortgage" was identified in California Civil Code Title 14, Chapter 2, Article 1 Mortgages, §§ 2920 through 2944.7.)

The Legislature has demonstrated that it can and will use the terms mortgage and deed of trust in some provisions, while in other provisions it will limit the application to either a mortgage or a deed of trust.  These provisions do not appear to be a haphazard usage or end of session midnight revisions in which significant drafting errors could have occurred resulting in the statute not reflecting the Legislature's intention.

This court considers how the Legislature has constructed the statutory scheme concerning mortgages, mortgages with a power of sale, deeds of trust, and the system of record title in California. The Legislature has made both deeds of trust and mortgages subject to time limitations for enforcement, §§ 880.02-887.09 (Marketable Record Title Act) and created a right of redemption following a judicial sale under either a mortgage or deed of trust, California Code of Civil Procedure § 729.010.  In stating its intent behind the Marketable Record Title Act, the Legislature confirmed that real property is a basic resource of the people and title

transactions should proceed with economy and expediency. For this to be achieved, § 880.020 states the intention of the Legislature is to provide a real title record system upon which persons may rely.

The Legislature has expressly referenced both deeds of trust and mortgages in some provisions of the Civil Code and exclusively referenced just one in other provisions of the Civil Code. As noted by a United States District Court, during the same session in which the Legislature relocated the provisions formerly at § 858 to current § 2932.5, the Legislature also considered expanding the general definition of mortgages in § 2920 to include deeds of trust. Such expansion of the statute was not included in § 2920 (now paragraph (a) of § 2920) enacted by the Legislature. *Wadhwa v. Aurora Loan Servs.*, LLC, 2012 U.S. Dist. LEXIS 31035 at *46 (E.D. Cal. Mar. 7, 2012)(citing Alister McAlister, COMMITTEE STATEMENT ON AB 2556, ASSEMB. COMM. ON THE JUDICIARY, January 17, 1986, at 1). When paragraph (b) was added to § 2920 expanding the definition of "mortgage" for purposes of §§ 2924 through 2924(h), the Legislature expressly excluded deeds of trust from the definition. When the Legislature has intended a statue to apply to both mortgages and deeds of trust, such as the Marketable Record Title Act and a right of redemption following a judicial sale, it expressly includes both the terms mortgage and deed of trust.

Under California principles of statutory construction, it is presumed that the Legislature knowingly excluded deeds of trust from the requirements of § 2932.5. *See Myers v. King*, 272 Cal. App. 2d 571, 579, 77 Cal. Rptr. 625 (Cal. App. 4th Dist. 1969) (a court should not assume that the Legislature implied an amendment to a

1  code section based on the Legislature's express amendment of
2  another code section "where the unamended section has been
3  generally understood and acted upon" and the unamended and amended
4  code sections can be harmonized); *cf. Droeger v. Friedman, Sloan,*
5  *& Ross*, 54 Cal. 3d 26, 43, 283 Cal. Rptr. 584, 812 P.2d 931 (Cal.
6  1991) ("Repeals by implication are disfavored and are recognized
7  only when conflicting statutes cannot be harmonized.").    The
8  Legislature has not included deeds of trust in § 2932.5.

9  **Impact on California Real Title Records**

10      One California District Court of Appeal panel has held that
11 the purpose of § 2932.5 is not to ensure that a borrower can
12 identify the person holding the loan, but to allow a prospective
13 buyer to know that the mortgagee has the authority to exercise the
14 power of sale.  That court concluded, "this is not necessary when
15 a deed of trust is involved, as the trustee [who serves in that
16 role separate and apart from the trustor and beneficiary] conducts
17 the sale and transfers title." *Haynes v. EMC Mortg. Corp.* 205 Cal.
18 App. 4th 329 (Cal. App. 1st Dist. 2012).  The California District
19 Court of Appeal panel considered that if § 2932.5 were applied to
20 deeds of trust, a literal application of that section would
21 effectively require the power of sale to be transferred to the
22 beneficiary under a deed of trust, contrary to the terms of the
23 trust deed and of § 2934a which provides detailed requirements for
24 the transfer of the power of sale from one trustee under a deed of
25 trust to a substitute trustee. *Id.*

26      One fundamental issue this court is presently concerned with
27 is whether the application or non-application of § 2932.5 is
28 consistent with the action of the Legislature in establishing the

statewide system of record and marketable title to real property. If the requirements of § 2932.5 are critical to the integrity of the record title system, one may conclude that the reference to "encumbrancer" may well have been "intended" to scoop up deeds of trusts as mere liens on real property. Alternatively, if such compliance is not necessary for there to be clear record title, the language of § 2932.5 can speak for itself.

The case before the court presents a good example of why the title granted pursuant to a deed of trust precludes it from being swept into § 2932.5. Defendant's Substitution of Trustee was recorded on November 25, 2009, with the Assignment of Deed of Trust being recorded five days later on November 30, 2009. Both documents were recorded prior to the Trustee's Sale conducted on December 14, 2009. As of the December 14, 2009 sale, the California real property records contained the necessary documents upon which the then asserted owner of the Note and assignee of the Deed of Trust asserted those interests and rights. Any person reviewing record title could determine the trustee of record who held title. That trustee holds record title irrespective of who holds the promissory note or other obligation secured by the deed of trust. It is this record title held by the trustee under the deed of trust which is then transferred to the purchaser at the non-judicial foreclosure sale.

The Legislature is well aware of the clear legal distinction between mortgages, mortgages with a power of sale, and deeds of trust. It is aware of the legal distinction established and maintained by the California Supreme Court for a trustee under a deed of trust holding title to the real property and the lien

28

theory for a mortgage and the mortgagee with a power of sale transferring title of the owner of the property.

There is nothing inconsistent with the Legislature excluding deeds of trust from § 2932.5 than from any of the other statutes relating to mortgages. Exclusion of deeds of trust from § 2932.5 is not inconsistent with or does harm to the record title system established by the Legislature in California. The plain language of § 2932.5 is that it applies only to powers of sale given to a mortgagee or other encumbrancer, and not to a trustee under a deed of trust.

Therefore, the court concludes that § 2932.5 only applies to mortgages and not to deeds of trust.

**Interest of Defendant in Note and Deed of Trust**

Plaintiff argues that even if the court does not conclude that deeds of trust are subject to the provisions of § 2932.5, Defendant did not have an interest in the Note secured by the Deed of Trust and could not designate and instruct a substitute trustee to conduct a non-judicial foreclosure sale. However, the undisputed evidence presented to the court is that Defendant holds the Note, with the Allonge transferring the Note to the Defendant. Defendant recorded the Assignment of Deed of Trust and Substitution of Trustee in advance of the substitute trustee conducting the non-judicial foreclosure sale. No evidence has been presented that the Defendant did not have the Note or the right to enforce the Note when the substitute trustee conducted the non-judicial foreclosure sale.

In the Plaintiff's Memorandum of Points and Authorities, the Plaintiff cites to this court's prior statements that it "will not

merely assume that [Defendant] acquired the Note much earlier but did not record the Notice of Assignment of Deed of Trust until a later date." Since the Allonge is undated, Plaintiff contends there is no evidence that an interest was assigned before the Substitution was recorded. Therefore, as a matter of law, this renders Defendant's Trustee's Deed void. Pl.'s Mem. 5:3-17, Dckt. 310.

Initially, the statements of the court relating to not assuming the date of transfer were made in a decision filed on May 19, 2011, for the Plaintiff's motion for a preliminary injunction. That decision was only three months after this Adversary Proceeding was filed and at the beginning of discovery, in the context of maintaining the status quo while the Plaintiff was afforded the opportunity to make his case. Additionally, the decision to issue the preliminary injunction was based solely on the allegations that Defendant did not follow the procedures specified in § 2932.5 when it substituted the trustee under the Deed of Trust. Memorandum Opinion and Decision, 25:11-13, Dckt. 98.

The Plaintiff has come before this court seeking a determination that the Trustee's Deed held by Defendant is invalid. In attacking that deed, the Plaintiff bears the burden of proof that such deed is ineffective or may be avoided. The Trustee's Deed contains the recitals that the requirements of law for mailing, posting, and publication of the notice of sale have been complied with for the December 14, 2009 non-judicial foreclosure sale. Trustee's Deed, Pl. Ex. D, Dckt. 129 at 15. This constitutes *prima facie* evidence that all such notices were given

1  in compliance with the statute.    Cal. Civ. Code § 2924(c).
2  "[W]hile recitals contained in a trustee's deed are not conclusive
3  as between the parties to the trust deed, nevertheless, it was
4  incumbent upon the defendants in that case in order to defeat a
5  motion for summary judgment to present evidentiary facts to
6  controvert the recitals in the trust deed to the effect that the
7  sale was legally held, thereby raising an issue, the merits of
8  which would be determined upon a trial." *Beck v. Reinholtz*,
9  138 Cal. App. 2d 719, 723 (Cal. App. 4th Dist. 1956).

10        The undisputed evidence presented to the court is that
11  Defendant holds the Note, with the Allonge transferring the Note to
12  Defendant.    Though the Allonge is undated, there is no evidence
13  presented that the Note was not transferred to Defendant when the
14  trustee was substituted in November 2009 and the non-judicial
15  foreclosure sale was conducted in December 2009.    At best, after
16  two years of discovery Plaintiff presents this court with only his
17  speculation and argument that the transfer must be defective.

18        While many consumers have blunted their spears on the issue of
19  whether the deed of trust was assigned, it is clear under
20  California law that the relevant issue is who owns or has the right
21  to enforce the note.    In 2011, the Ninth Circuit Court of Appeals
22  addressed this note-deed of trust issue in *Cervantes v. Countrywide*
23  *Home Loans, Inc. et. al.*, 656 F.3d 1034, (9th Cir. 2011).    The
24  court previously addressed the general proposition that notes and
25  deeds of trust remain together as a matter of law, with it being
26  the right of the note owner to exercise the power under the deed of
27  trust.

28        The creation of the Mortgage Electronic Registration Systems,

Inc. ("MERS") by lenders to facilitate multiple transfers of promissory notes as part of securitized loan portfolio trading is at the root of many of these timing and document of transfer issues. The purpose of creating MERS was to avoid the recording of assignments of deeds of trust while promissory notes were transferred from investment portfolio to investment portfolio. Only when the ultimate buyer would have to foreclose would MERS then stop acting as the "nominee" for the original lender and its assigns.[5]   Thus, it is not unusual for there not to be an assignment of the deed of trust every time a promissory note is transferred from buyer to subsequent buyer. Instead, only at the eleventh hour when the final buyer has to proceed with a non-judicial foreclosure sale is an assignment of the deed of trust recorded.   No evidence has been presented that the assignment of the Deed of Trust was anything other than an assignment to identify Defendant as the person entitled to have the Deed of Trust enforced when it was time have the trustee proceed with a non-judicial foreclosure sale due to the monetary defaults.

Based on the uncontroverted evidence presented, the Plaintiff has not provided the court with any basis for concluding that the Note was not transferred to Defendant, that Defendant did not have the right to substitute the trustee, or that Defendant did not have the right to enforce the deed of trust at the time of the December 2009 non-judicial foreclosure sale.   While the Plaintiff

---

[5]   For a discussion of MERS, *see Cervantes v. Countrywide Home Loans*, 656 F.3d at 1038-1040.   The Deed of Trust at issue identifies MERS as "the nominee for Lender and Lender's successors and assigns." Ex. C, Deed of Trust, Definitions ¶ (E) and Transfer of Property Rights Paragraph, Dckt. 318 at 27, 28.

1  speculates, that the belatedly executed Assignment of the Deed of
2  Trust must mean that the Note was not transferred, that is nothing
3  more than mere speculation.  The absence of any discovery obtained
4  during the two years of this litigation by Plaintiff on the point
5  is deafening in its absence. The Plaintiff offers no evidence to
6  counter the Trustee's Deed.  There is no evidence of any material
7  dispute to Defendant asserting ownership of the Property pursuant
8  to the Trustee's Deed.

9       The Motion for Summary Judgment on the Ninth Cause of Action
10  for wrongful foreclosure is denied.

11  **Quiet Title Cause of Action**

12       Plaintiff seeks a judgment quieting title premised on the
13  foreclosure being invalid based on the Defendant's failure to
14  comply with § 2932.5, the Defendant not having an interest in the
15  Note or right to enforce the Deed of Trust, resulting in the non-
16  judicial foreclosure being invalid under the Ninth Cause of Action.
17  The court having determined that § 2932.5 does not apply to deeds
18  of trust and that there is no evidence contrary to Defendant having
19  been transferred the Note and being entitled to enforce the Deed of
20  Trust, no basis exists to quiet title to the Property in favor of
21  the Plaintiff exists.  Summary judgment on the Tenth Cause of
22  Action to Quiet Title is denied.

23       Plaintiff's Motion for Summary Judgment on the claim for
24  wrongful foreclosure and to quiet title is denied.

25                **REQUEST FOR SUMMARY JUDGMENT BY DEFENDANT**

26       In its Opposition, Defendant directs the court to the
27  established principle in the Ninth Circuit that the court may grant
28  summary judgment for either party, even when only one party files

33

such a motion.  *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982).  In so acting, the trial court must carefully consider if there are any remaining issues for which material issues of fact remain unresolved.  *Daily Herald Co. V. Munro*, 758 F.2d 350 (9th Cir. 1983).  Federal Rule of Civil Procedure 56(f)(1) and Federal Rule of Bankruptcy Procedure 7056 permit the court to grant summary judgment for a non-moving party or on other grounds, *sua sponte*, after providing notice and a reasonable time to respond.

This Adversary Proceeding has been prosecuted by the Plaintiff for more than two years.  Multiple issues have been raised and addressed, with the Plaintiff's Complaint whittled down to the contention that he still owns the property because of the failure of Defendant to comply with § 2932.5 or that the Defendant was not transferred the Note to allow it to enforce the Deed of Trust.

Plaintiff was afforded an opportunity and has opposed Defendant's request for entry of summary judgment based on Plaintiff's Motion.  Plaintiff has not provided the court with any evidence disputing the ownership of the Note and right to enforce the Deed of Trust as of the 2009 substitution of trustee and foreclosure.  Rather, Plaintiff argues that Defendant has not proven to Plaintiff's satisfaction that it was transferred the Note as of those events occurring.  The court believes that, after two years of discovery, if any other evidence existed as to the Note being transferred to Defendant some time after the 2009 substitution and non-judicial foreclosure, or that Defendant was never transferred the Note, that additional evidence would have been presented to the court.

Under these circumstances it is appropriate for the court to

grant summary judgment for the Defendant. The Plaintiff has been afforded a full opportunity to research, brief, and argue the issue of whether § 2932.5 applies to deeds of trust. Plaintiff has been afforded the opportunity to present evidence supporting his contention that the Note was not transferred to Defendant to allow Defendant to have the December 2009 foreclosure sale conducted. The Plaintiff put his best evidence forward, which are copies of the Substitution of Trustee, Assignment of Deed of Trust, the two undated allonges, and the Trustee's Deed. Defendant adds the Note and Deed of Trust, Allonge, additional substitutions of attorneys by prior holders of the Note, the Notice of Default, and the Notice of Sale. It is from this undisputed universe of documents that the Parties assert their competing interests.

The Plaintiff's arguments consisting of conclusions he draws from the evidence are not evidence in support of Plaintiff's claim. Defendant has produced the Note, Allonge, Assignment of Deed of Trust, and Trustee's Deed in support of its interest in the Property. Plaintiff offers nothing more than stating that he does not find those sufficient.

Based on the uncontroverted evidence presented to the court, the court finds that Defendant has title to the Property pursuant to the Trustee's Deed. Defendant is entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) and Federal Rule of Bankruptcy Procedure 7056 denying Plaintiff relief under the Complaint to Plaintiff.

**CONCLUSION**

Based on the foregoing, the court denies the Plaintiff's Motion for Summary Judgment. Further, the court grants summary

1  judgment for Defendant pursuant to Federal Rule of Civil Procedure

2  56(f) and Federal Rule of Bankruptcy Procedure 7056 denying

3  Plaintiff relief under the Complaint.

4      This Memorandum Opinion and Decision constitutes the court's

5  findings of fact and conclusions of law pursuant to Federal Rule of

6  Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

7  The court shall issue a separate order consistent with this ruling

8  and a judgment thereon.   Defendant shall file a costs bill and

9  motion for attorneys' fees, if any, on or before **June 21, 2013.**

10  Dated: May 24, 2013

12

13  RONALD H. SARGIS, Judge,
    United States Bankruptcy Court

This document does not constitute a certificate of service. The parties below will be served a separate copy of the attached document through the BNC.

Thomas Aceituno
PO Box 189
Folsom, CA 95763

Allan Frumkin
5996 Horseshoe Bar Road
Loomis, CA 95650

Gregory Hughes
3017 Douglas Blvd #300
Roseville, CA 95661

James Macklin
670 Auburn-Folsom Rd #106-303
Auburn, CA 95603

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Robert Bleicher
216 Park Rd
PO Box 513
Burlingame, CA 94001

John Crawford
216 Park Rd
Burlingame, CA 94010

Daniel Hanecak
700 E Street
Sacramento, CA 95814