Charles T. Marshall, Esq. (SBN 176091)
Law Offices of Charles T. Marshall
415 Laurel St. #405
San Diego, CA. 92101
Tel: (619) 807-2628
Fax: (866) 575-7413
Email: cmarshall@marshallestatelaw.com

Attorney for: JAMES MACKLIN

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| James L. Macklin,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Deutsche Bank National Trust Co., as<br><br>Indenture Trustee for the Accredited Mortgage<br><br>Loan Trust 2006-2 Certificate Holders<br><br>　　　　Defendant. | **CASE NO: 11-02024**<br>**DC NO. JLM-1**<br><br><br><br>**Date: February 26, 2015**<br>**Time: 10:30 a.m.**<br>**Courtroom: 33**<br>**Judge:   Hon. Ronald Sargis** |

**MOTION FOR RELIEF FROM ORDER UNDER FEDERAL RULES OF CIVIL**

**PROCEDURE, RULE 60**

The court, having ruled in its Memorandum Decision and Order on May 24th, 2013, is requested to relieve Plaintiff by Vacating **all** Orders and Judgments that are in conflict with *Jesinoski v. Countrywide Home Loans Inc.*, 729 F.3d 1092 (8th Cir. 2013), *cert. granted,* 82 U.S.L.W. 3366 (U.S. Apr. 28, 2014) (Docket No. 13-684, **SCOTUS Unanimous decision January 13th, 2015, Author: Justice Scalia**) attached hereto as Exhibit 1, RFJN; and *Merritt v. Countrywide Financial*

Plaintiffs Notice of Motion and Motion-1

*Corporation*, U.S. Court of Appeals, 9th Circuit, decided July 16, 2014, attached hereto as Exhibit 2, RFJN.

The grounds for this Action are that there was no mortgage or deed of trust encumbering the real property of James Macklin at the outset of the bankruptcy case and the Adversary Proceeding. Under the terms of the Truth in Lending Act ("TILA"), as reviewed and held by SCOTUS on January 13th, 2015, when the "lender" failed to return Macklin's money, or file a declaratory Action defending against his lawful rescission that was perfected on March 3rd, 2009, the mortgage was nullified and the debt to the lender and any purported assignees became void by operation of law that existed at the time of the perfection of rescission on March 3rd, 2009.

Thus, the Adversary Proceeding and the related bankruptcy under Chapter 13, converted to a Chapter 7, were never about a secured creditor. All payments that Macklin made to the original lender, including closing costs and monthly payments from April 14th, 2006 through March 3rd, 2009, are due back to Macklin under the strict holding by SCOTUS in the *Jesinoski* case, *id*. Defendant Deustche Bank Nat'l Trust Co., as Trustee for the Certificate-Holders of the Accredited Mortgage Loan Trust Series 2006-2 ("DBNTC") in the instant Action never had constitutional or prudential standing and this court lacked subject matter jurisdiction over DBNTC, *ab initio*.

This court had specific knowledge of the rescission and went so far as to acknowledge that Macklin had lawfully invoked his rescission right (see below from Hon. Judge Ronald Sargis' Memorandum decision).

All recorded documents, including: Deed of Trust, Promissory Note, assignments of deed and substitutions of trustee, Notice of Default, Notice of Sale and Trustee's Deed Upon Sale, that were used by Defendant in this case that relied on a valid debt or post-dated the rescission perfection date of March 3rd, 2009, are void by operation of law and were unavailable as authoritative or as providing any form of legal notice to Macklin or this court.

All Orders, Judgments and Decisions that have been issued by this court are also void by operation of law under the guidance of the SCOTUS decision, *id*.

Unbeknownst to Macklin, and this court, and all courts hearing matters regarding TILA Rescission claims, all of the previous decisions regarding TILA Rescission were about to be

overturned by SCOTUS' unanimous decision on the matter. Macklin did, in fact, have rights that were abrogated by the actions of the court and for this reason; the previous Orders, Decisions and Judgments must be vacated in the interests of justice. The error of law cannot stand.

## JURISDICTION

1. **FRCP 60(b)** provides for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. As is fully briefed herein below, the court is asked to relieve Plaintiff under FRCP Rule 60(b)(1), (4), (5) and (6) by vacating all previous Orders of this court in this case.

2. **FRCP Rule 60 (d) Other Powers to Grant Relief.** This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding.

## LEGAL STANDARD

3. The legal standard for FRCP Rule 60 (b) comes from the Ninth Circuit, determining that courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions). Through other decisions, including *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), the Ninth Circuit has further clarified how courts should apply this test.

4. There is no prejudice, nor anticipated prejudice, to the opposing party as they have had no interest in the Macklin loan since he perfected his rescission on March 3rd, 2009. DBNTC has had possession of the subject real property at issue for over 3 years, have not sold the property, nor

have they made any effort to maintain the property and have, instead, allowed the property to sit un-maintained and degenerating daily, thus committing waste. In fact, the opposing party has been unjustly enriched by unlawfully taking putative title to and physical possession of, the Macklin property and through the Bankruptcy Court's grant of possession to the opposing party because of error of law. The only prejudice present is against Macklin as he lost possession of his only home. The balance tips sharply in Macklin's favor here. The TILA matter is also still pending, and there is not a final, non-appealable ruling, in the related U.S. District court case No. 2:10-cv-1097-FCD-KJN PS.

5. The Supreme Court's decision in *Jesinoski, id.*, regarding TILA Rescission was filed January 13, 2015 and there is no impact on these proceedings because of any delay. This motion comes within 30 days of the landmark decision.

6. Plaintiff's well-pled facts from four years ago are echoed nearly verbatim in the U.S. Supreme Court's opinion attached hereto as Exhibit 1, RFJN. Defendants had a duty to know and understand the laws as they are written; ignorance of the law is not an excuse or a reason for delay. Justice for Macklin has been delayed for six (6) years. Any delay at this point is purely by the hands of the Defendants and, unfortunately, by the courts, due to the error of law that occurred in 2011 and 2013 by the Orders of this court.

7. The movant has always acted in good faith in exercising his rights to defend title to his unique real property as is evinced by the U.S. Supreme Court's decision that mirrors and wholly supports Plaintiff's TILA Rescission cause of action and well-pled facts related thereto. Plaintiff has never acted with malice or intent to delay. The Plaintiff was dispossessed of the property as soon as the temporary injunction was lifted and Defendants took legal title, even if only temporarily under these circumstances. See: *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

8. The balance of equities tips sharply in Plaintiff's favor as he was dispossessed of his only home, while Defendant maintains a multi-billion dollar portfolio of real property income streams. Macklin has waited long enough.

## UNDISPUTED FACTUAL BACKGROUND

9. On April 14th, 2006, Plaintiff executed a note and first and second deed of trust with Accredited Home Loans, Inc. totaling $632,000.00. Macklin has alleged that TILA Rescission under TILA § 1635(a). Required disclosures were never provided to him and the loan was obtained by Defendants use of false information to qualify Macklin illegally for the loan. **Adv. Pro.Doc. No. 129, Exhibits 1, 2, 14**.

10. Plaintiff perfected rescission (See: **RFJN, NO. 4, Exh. 16**; *Jesinoski*) of the loan transaction under TILA § 1635(a) on March 3rd, 2009, upon the lender's receipt of the rescission notice by Macklin (**AP Doc. No. 129, Exhibit 16**) and the statutory 21 days running without compliance by Lender.

11. Counsel for Lender replied to Macklin on March 31st, 2009 by arguing that the rescission was not valid. **Adv. Pro. Doc. No. 129, Exhibit 15**. This written argument came **more than 47 days after the lawful time to reply** by an action to defend against the rescission was due under TILA. An action was required to be filed by March 3rd, 2009 by Lender under TILA, the Lender elected to waive their right. The Lender *and any purported assignees of the Lender* were equitably estopped from any act in furtherance of Lender's rights that were extinguished on this critical date by failure to comply with TILA. Defendant DBNTC stands in the shoes of the Lender, Accredited Home Loans, Inc.

12. Original Lender, Accredited Home Lenders, Inc., executed a false/forged assignment of deed attempting to transfer interest in the Macklin loan to a statutory REMIC trust (subject to Internal Revenue Code § 806D et. seq.) on Nov. 30th, 2009. The trust (Defendant DBNTC) was closed to transfers of beneficial interest on June 1st, 2006. **AP Doc. No. 129, Exhibit 6.** The rescission was also already perfected on March 3rd, 2009. See: *Jesinoski*, RFJN Exhibit 1. The original Lender had no interest to assign after March 3rd, 2009.

13. Plaintiff Macklin alleged Truth In Lending Act ("TILA") violations in the Adversary Proceeding (Case No. 11-02024) in this court. See: **AP Dckt. No's. 120-129, 201**.

14. Deutsche Bank moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable to the adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. (**AP Dckt. No. 150**) On February 16, 2012, Judge Sargis issued a Memorandum Opinion and Order dismissing all causes of action in the First Amended Complaint except the Ninth Cause of Action for wrongful foreclosure and the Tenth Cause of Action for quiet title. (**AP Dckt. Nos. 221 and 222**) A copy of the Memorandum Opinion and Decision at (**AP Dckt. Nos. 221**).

15. Within the dismissed causes of action was Macklin's TILA action.

16. Mr. Macklin moved for summary judgment on February 21, 2013. (**AP Dckt. No. 307**) Deutsche Bank ("DBNTC") opposed Mr. Macklin's motion and requested that summary judgment be entered in its favor on the Ninth Cause of Action for wrongful foreclosure and the Tenth Cause of Action for quiet title, pursuant to Federal Rule of Civil Procedure 56, subdivision (f)(1). (**AP Dckt. No. 314**) After a hearing on the summary judgment motion, the Court granted summary judgment for Deutsche Bank and against Plaintiff. A copy of the order granting summary judgment is at (**AP Dckt. No. 327**). The Court entered judgment for Deutsche Bank and against Mr. Macklin on July 2, 2013. A copy of the Judgment is at (**AP Dckt. No. 349**). Mr. Macklin filed a motion to vacate the summary judgment on June 20, 2013. (**AP Dckt. No. 338**) The Court denied that motion on July 29, 2013. (**AP Dckt. No. 357**).

17. On October 4th, 2012, Plaintiff moved the court to amend his Adversary Complaint and in the court's ruling on the Motion the court stated:

> *"The Plaintiff argues that under 11 USC § 1635, the Plaintiff has an absolute right to rescind for TILA violations. Plaintiff asserts only notice to the lender is required to effect rescission.* ***The court finds the Plaintiff was entitled to send a notice of his intent to rescind, however, the court finds the time to litigate the validity of the rescission has passed.****"(Emph mine) "The court follows the controlling 9th Circuit finding the one-year statute of limitations began when the lender made clear its intention not to unwind the transaction in the March 31, 2009 letter from Roup & Associates." "In the alternative,* ***the court finds that the***

Plaintiffs Notice of Motion and Motion-6

> *Plaintiff's Notice of Rescission was not proper notice of rescission because it did not offer to tender the loan principal.* (Emph. mine) 12 CFR §§ 1026.15(d)(3), 1026.23(d)(3). As such, the Plaintiff's right to assert TILA violations would have expired at the later of 3 years or sale of the property, which occurred on December 19, 2009."

18. Plaintiff's cause of action under TILA Rescission was dismissed by the court under this exact ruling.

19. On July 16th, 2014, the case of *Merritt v. Countrywide* (Exhibit 2 hereto) was decided by the Ninth Circuit. In the decision by the court, it was held that there **never has been a requirement of tender** under the TILA requirements and that, in fact, the only requirement for effective rescission was notice, which the court in the instant case has stated unequivocally that Macklin exercised his right to rescind by notice. However, this court imposed an error of law when it stated that a one year statute of limitations began to run when the lender refused to "unwind the transaction" and Macklin failed to tender. The tender requirement imposed by the Court in this case was error of law under TILA, as held under *Merritt, id*. Therefore, all Orders and Judgments that are in conflict with *Merritt* must be vacated.

20. On January 13th, 2015, the Supreme Court of the United States issued a landmark decision in *Jesinoski v. Countrywide Home Loans* (Plaintiff's RFJN Exhibit 1). In this unanimous decision, Justice Scalia, in his delivery of the opinion of the court, stated clearly and unambiguously:

> "A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3 year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower 'shall have the right to rescind'... by notifying the creditor... of his intention to do so' (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. And the fact that the Act modified the common law condition precedent to rescission at law, see sec.

Plaintiffs Notice of Motion and Motion-7

*1635(b), hardly implies that the Act thereby codified rescission in equity."(Emph. mine)*

## PLAINTIFF IS ENTITLED TO RELIEF

21. Under the existing laws as defined and described above by both the Ninth Circuit and the U.S. Supreme Court, Plaintiff Macklin has evidenced an undeniable right to relief. Fed. R. Civ. Procedure Rule 60 (b) grants Plaintiff here with an absolute right to relief from any judgment or Order that conflicts with both the 9th Circuit and the U.S. Supreme Court's recent decisions regarding the proper interpretation of the existing laws under TILA as they existed at the time of the previous rulings and Orders of this court.

22. Bankruptcy courts, as courts of equity, have power to reconsider, modify, or vacate their previous orders. Bankruptcy Rule 9024, 11 U.S.C.A. *In re Lenox,* 902 F.2d 737, C.A.9 (Nev.) 1990. The court must vacate its Order based on the facts in evidence in this case. Plaintiff has proven that a tremendous injustice and misapplication of existing law has occurred in the court's Orders.

23. It is clear from the court's previous Rulings (¶17 above) that the court dismissed Plaintiff's rights under TILA for **both** reasons of tender and timeliness of filing suit under the Act. These decisions were an error of law concerning rights that existed for the benefit of Plaintiff.

24. Under the plain reasoning of both *Jesinoski* and *Merritt*, it is without a doubt that Plaintiff rescinded his loan timely and, that as of March 3rd, 2009, there has been no secured debt or beneficial interest from which Defendant DBNTC may have acquired any standing, or rights, as they may relate to the rescinded loan. This is *Res Judicata*. All defenses are time-barred.

25. On March 3rd, 2009, exactly 21 days after the lender received the rescission from Macklin, an equitable estoppel was effected against Defendant DBNTC from any act in furtherance of the terms of the deed of trust…the deed was null and void on that date as a result of the Lender failing to comply with existing laws under TILA. *Jesinoski* .

26. Because the loan was void on March 3rd, 2009, Defendant DBNTC proceeded against Plaintiff's rights without any authority whatsoever, causing extreme prejudice, harm, loss and

damages to his personal and professional life. His home was taken from him by an illegal process. TILA was enacted specifically to protect consumers from the acts of Defendant DBNTC. Plaintiff is entitled to those protections and the court has a duty to uphold those rights vigilantly.

27. In Plaintiff's **FAC (AP)** at pg. 7, par. 18: "after many certified letters to the alleged authoritative parties, Plaintiff rescinded his loan transaction timely and in writing, to the lender, servicer, and counsel retained…" Plaintiff unambiguously factually pled the rescission and brought unrefuted evidence of the rescission, which this court has acknowledged as being proper and timely.

28. The loan had been rescinded, yet, Defendant here did nothing to mitigate its own damages. Instead, Defendant's counsel, Ron Roup, argued with and intimidated Plaintiff Macklin.

29. The court, however, presumed the validity of the contract and failed to recognize that the rescission was *perfected* by Macklin on March 3rd, 2009 in its ruling on Plaintiff's MSJ on May 24th, 2013, stating that "The dispute before the court….relates to a non-judicial foreclosure sale…and the rights and interests arising from that sale". (Pg. 1, ln. 26, Mem. Opin. & Dec.). This is reversible error by the court. **The entirety of Defendant DBNTC's constitutional and prudential standing is extinguished under these two landmark decisions, which govern existing law that was firmly in place when Plaintiff introduced his Complaint(s) in this court.** Plaintiff is entitled to the protections and firm resolve that this court must show by vacating its previous orders as they have prejudiced Plaintiff's rights.

30. After a thorough examination of the record in all three Memorandum Decisions and Opinions in this Adversary Proceeding, it is irrefutable that the court substantially relied on its improper interpretation of TILA, pursuant to *Jesinoski* and *Merritt*, and dismissed causes of action against Macklin. The entirety of the record in this case conflicts with the Supreme Court's decision in *Jesinoski* and the *Merritt* decision in the 9th Circuit. The Orders must be vacated.

31. In reviewing a district court's decision for clear error, our court of appeals will find clear error only upon "a definite and firm conviction that a mistake has been committed." *United States v. Ruiz—Gaxiola*, 623 F.3d 684, 693 (9th Cir.2010). If a court "got the law right" and "did not clearly err in its factual determinations," then clear error was not committed—even if another

reasonable judicial body "would have arrived at a different result." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.2011). Plaintiff asserts that the court did not "get the law right" as it existed in this case and as it stands in *stare decisis* under *Merritt* and *Jesinoski, id*. Clear error has been committed.

32. 23.    In *In re Lenox*, 902 F.2d 737, 740 (9th Cir.1990), the court indicated that Rule 60(b) "does not prohibit a bankruptcy judge from reviewing, sua sponte, a previous order.... And although FRCP 60(b) refers to relief from final orders, it does not restrict the bankruptcy court's power to reconsider any of its previous orders when equity so requires." *Id*. at 739. Equity requires such a form of relief in this case. Macklin's loan was properly rescinded, but his real property and equity was taken from him by improper process.

33. In *Simer v. Rios*, 661 F.2d 655 (7th Cir.1981), for example, the Seventh Circuit refused to decide whether intervenors could bring a Rule 60(b) motion, concluding that it was within the district court's power under Rule 60(b)(4) to vacate a judgment that was void ***because it was obtained in a violation of procedural due process***. *Id*. at 663 n. 18. (Emph added). Plaintiff's procedural due process under TILA was violated. The Orders of this court are void.

34. The catch-all provision, Rule 60(b)(6), has been invoked to relieve a party of a final judgment in "extraordinary circumstances." This case warrants extraordinary circumstances.

## CONCLUSION

For all of the reasons herein, and in the interests of justice, Plaintiff asks this court for relief from all Orders, Decisions, Judgments or Proceedings that were executed by this court under Rule 60 (b) (1) [Mistake, etc]; (4) [the judgment is void *and* violated due process under *Jesinoski* and *Merritt, id*.]; (5) [applying prospectively the Order/Judgment is no longer equitable]; and (6) [any other reason that justifies relief].

Plaintiff should be granted his Motion to re-open the bankruptcy (pending) so that the schedules can adequately reflect his interest in the subject real property and the attendant return of fees that Plaintiff is entitled to under TILA's strict language. Because the rescission was perfected in 2009, a year prior to the filed Chapter 13 (converted to Chapter 7), and Plaintiff and this court relied on this court's improper interpretation of TILA throughout the entirety of the proceedings,

Plaintiff shall be required to list the asset (real property) as unencumbered with approximately $130,000.00 due and payable to him by the assignee of the debt, Deutsche Bank National Trust Co., as trustee for the Accredited Mortgage Loan Trust 2006-2 series certificate-holders. If not for the actions of Defendant DBNTC, the Bankruptcy would never have been filed by Plaintiff in this case.

    Macklin's claims in the Adversary Proceeding now must also be amended to reflect the status of the rescission as being perfected on March 3rd, 2009 under *Jesinoski's* authority, and the amounts due to Macklin as a result of the lawful rescission and subsequent damages that have accrued.

Respectfully Submitted,

Dated: January 22, 2015                                    Charles T. Marshall
                                                      By:  /s/ Charles T. Marshall
                                                      Attorney for James Macklin