# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Adversary Title :** | Macklin v. Deutsche Bank National Trust Co. | **Case No :** | 10–44610 – E – 7 |
| | | **Adv No :** | 11–02024 – E |
| | | **Date :** | 03/24/2015 |
| | | **Time :** | 01:30 |

| | |
|---|---|
| **Matter :** | [374] – Motion/Application to Reopen Adversary Proceeding Filed by Plaintiff James L. Macklin (kvas) |

| | | | |
|---|---|---|---|
| **Judge :** | Ronald H. Sargis | **Courtroom Deputy :** | Janet Larson |
| **Department :** | E | **Reporter :** | NOT RECORDED |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014–1(f)(1) Motion – No Opposition Filed.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Creditor, parties requesting special notice, and Office of the United States Trustee on January 22, 2015. By the court's calculation, 61 days' notice was provided. 28 days' notice is required.

The Motion to Reopen the Adversary Proceeding has been set for hearing on the notice required by Local Bankruptcy Rule 9014–1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014–1(f)(1)(ii) is considered to be the equivalent of a statement of nonopposition. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Law Offices of David A. Boone v. Derham–Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Therefore, the defaults of the non–responding parties and other parties in interest are entered. Upon review of the record there are no disputed material factual issues and the matter will be resolved without oral argument. The court will issue its ruling from the parties' pleadings.

The Motion to Reopen the Adversary Proceeding is granted.

James Macklin ("Movant") makes the instant Motion to Reopen the Adversary Proceeding. Dckt. 374. The Movant seeks to reopen this adversary proceeding to address two recent cases, Merritt v. Countrywide Financial Corporation and Jesonoski v. Countrywide Home Loans, Inc. as it concerns the Movant's complaint in the Adversary Proceeding.

The court is empowered to reopen a case to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. 350(b). The motion should state facts to satisfy the court that cause exists. Schofield v.

Moriyama, 24 F.2d 473, 475 (9th Cir. 1928). A motion to Reopen does not decide the underlying subject matter which the moving party seeks to place before the court. In re Leigh, 272 F. 678, 679 (7th Cir. 1921). Reopening the case does not undo the consequences of the closing the case; no automatic stay arises, the trustee is not automatically reappointed, and abandoned property does not return to the Estate. Menk v. Lapaglia (In re Menk), 241 B.R. 896, 913–14 (B.A.P. 9th Cir. 1999).

Here, Debtor argues that the Adversary Proceeding should be reopened to allow the Movant to file a Motion to Vacate the court's prior orders and judgments. Specifically, the Movant argues that the court erred in dismissing the Movant's complaint based on two subsequent 9th Circuit and Supreme Court decisions that the Movant argues are directly on point with the Movant's complaint.

The motion is granted and the adversary proceeding is reopened.